HAROLD A. JESTER *vs.* GRAHAM R. THOMPSON.

* Third Judicial District, New Haven, June Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

The jurisdiction of a Compensation Commissioner is limited by statute, § 5357, to claims and questions arising out of injuries received in the district for which he is appointed. He can not act in any other district unless the Commissioner for that district be "disqualified or temporarily incapacitated" and designate the former to act in his stead.

Unless jurisdiction be given by statute it cannot be conferred by the parties, either by agreement, waiver, or conduct.

* Transferred from the first judicial district.

Jester v. Thompson.

A Commissioner who is called into another district to act in place of the resident Commissioner because of the latter's disqualification or incapacity, should so state in prefacing his finding and award, as the existence of such a condition is essential to his jurisdiction.

In the present case the Commissioner for the first district stated in his finding that he heard the case on the assumption that as both parties lived in Southington the injury had occurred in Hartford County; that the evidence showed it had been received in New Haven County and therefore he had "secured authority" from the Commissioner for the third district to sit, in order to save to the parties the expense of producing their witnesses at a second hearing before such Commissioner. *Held* that upon such a record it could not be presumed that the statutory incapacity or disqualification existed on the part of the Commissioner for the third district and that therefore the acting Commissioner had jurisdiction to hear and determine the cause; that on the contrary, the record clearly showed that the designation of the acting Commissioner was not for any statutory cause, but merely for his own and the parties' convenience.

Argued June 6th—decided June 22d, 1923.

APPEAL by the defendant from a finding and award of the Compensation Commissioner of the first district in favor of the plaintiff, taken to the Superior Court in Hartford County (*Banks, J.*), which affirmed the award of the Commissioner and dismissed the appeal, and from this judgment the defendant appealed. *Error; Superior Court directed to sustain the appeal for lack of jurisdiction on the part of the Commissioner to hear the cause.*

*Warren D. Chase,* for the appellant (defendant).

*William E. Egan,* for the appellee (plaintiff).

WHEELER, C. J. The defendant assigns as error the lack of jurisdiction of the Commissioner for the first congressional district to hear the cause, since the injury occurred in New Haven County and within the jurisdiction of the Commissioner for the third congressional district. The basic fact upon which this claim rests is an undisputed fact. Defendant's course

in not having made this claim until after the award, would have constituted a waiver of the claim were it within the power of any litigant to waive a jurisdictional point, or confer a jurisdictional power. *Allen's Appeal,* 69 Conn. 702, 708, 38 Atl. 701; *Savings Bank of Danbury* v. *Downs,* 74 Conn. 87, 89, 49 Atl. 913; *New Milford Water Co.* v. *Watson,* 75 Conn. 237, 253, 52 Atl. 947, 53 id. 57.

Our Workmen's Compensation Act divides the State into five districts, provides for the appointment of a Compensation Commissioner for each district, and gives to each of the several commissioners jurisdiction over all claims and questions as to compensation arising in his district under the Act. We see no other interpretation to be placed upon the language of General Statutes, § 5357, of the Act: "The commissioners shall reside in the districts for which they are severally appointed, and each shall have jurisdiction of all claims and questions arising in such district under part B of this chapter."

The Compensation Commissioners from the beginning have construed the Act as limiting their jurisdiction to such injuries as arose in the district of their appointment. Their jurisdiction is confined by the Act and limited by its provisions. Unless the Act gives the Commissioner the right to take jurisdiction over a claim, it cannot be conferred upon him by the parties either by agreement, waiver or conduct. *Chipman* v. *Waterbury,* 59 Conn. 496, 497, 22 Atl. 289. Plaintiff's counsel attack the position taken by the Commissioners, and urge that the jurisdiction of the Commissioner depends upon the contract of employment and not upon the place of injury. The terms of the Act do not admit of this construction.

It is further urged that if the lack of jurisdiction existed at the inception of the hearing, it was cured by

the delegation of authority to act conferred by General Statutes, § 5357, upon the Commissioner of the first district by the Commissioner of the third district, in which the injury occurred. This section reads as follows: "In case a commissioner is disqualified or temporarily incapacitated from hearing any matter, he shall designate some other commissioner to hear and decide such matter and such other commissioner shall possess the same jurisdiction and power, for the purpose of such hearing, as such incapacitated or disqualified commissioner." By virtue of this section the Commissioner of one district can hear and determine any claim for compensation arising in another district, in case the Commissioner of that district is disqualified or temporarily incapacitated and shall designate the other Commissioner to hear and determine such claim. If either condition exists, the Commissioner so acting should preface his award and finding with a statement that owing to the disqualification or incapacity of the Commissioner of such district, he is by the designation of that Commissioner acting in his place and stead. In this case the Commissioner has made this finding: "As Commissioner of the first congressional district, I took jurisdiction of this case at the beginning, assuming that, as both parties lived in Plantsville, the injury had occurred in Hartford county. The evidence revealed, however, that it had been sustained in New Haven county, and I have secured authority from the Commissioner for the third congressional district to sit therein, in order that the parties might be saved the expense of producing their witnesses at a second hearing before said Commissioner." It appears by this finding, and by other parts of the record, that this designation was made after the taking of the evidence had been completed by the Commissioner for the first district.

We cannot presume, as the plaintiff suggests, that the disqualification or incapacity exists upon the record, and that the Commissioner who heard the cause must be assumed to have had the requisite authority, in the absence of a finding showing the contrary. We regard the record as explicit upon this point, and as indicating that the designation was made to serve the convenience of the Commissioner of the first district, instead of upon either of the two causes specified which give the Commissioner the power of designation.

The defendant argues that § 5357 should be read in connection with General Statutes, § 5363, which provides that "hearings shall be held, if practicable, in the town in the state in which the injured employee resides." Conceding this, we find no occasion to change our construction of § 5357. The inclusion in this section of the two grounds which give the Commissioner of another district the right to act outside his own district, excludes his right to act upon any other ground.

The further claim of the plaintiff, that the jurisdiction conferred by the Act upon the Commissioner over claims and questions arising in his district is a jurisdiction of the persons rather than of the subject-matter, is refuted by that part of § 5357 above quoted. The practice of the Commissioners to construe the statute as giving them the right of designation at their convenience, cannot change the terms or intent of the Act.

Since we hold that the Commissioner was without jurisdiction to hear this cause, we shall not consider other grounds of appeal.

There is error, the Superior Court is directed to sustain the appeal for lack of jurisdiction on the part of the Commissioner to hear the cause.

In this opinion the other judges concurred.