GEORGE E. GAGNON *v.* UNITED AIRCRAFT CORPORATION, HAMILTON STANDARD DIVISION, ET AL.

ALCORN, HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued March 4—decided April 7, 1970

*William S. Zeman,* for the appellant (plaintiff).

*George A. Downing,* for the appellees (defendants).

THIM, J. The sole issue before this court on appeal is whether a workmen's compensation commissioner has jurisdiction to inquire into the validity of

a waiver executed pursuant to General Statutes § 31-325[1] after it has been approved by the commissioner and where there is no claim for compensation. The relevant facts are undisputed since the parties agreed to limit the hearing before the commissioner to the question of jurisdiction. The record discloses that the plaintiff, an employee of the Hamilton Standard Division of the United Aircraft Corporation, signed a waiver on September 25, 1967,

[1] "Sec. 31-325. WAIVER BY EMPLOYEES HAVING PHYSICAL DEFECTS. Whenever any person having a contract of employment, or desiring to enter into a contract of employment, has any physical defect which imposes upon his employer or prospective employer a further or unusual hazard, it shall be permissible for such person to waive in writing for himself or his dependents, or both, any rights to compensation under the provisions of this chapter for any personal injury arising out of and in the course of his employment, or death resulting therefrom, which may be found by the commissioner having jurisdiction to be attributable to a material degree to such physical defect. No such waiver shall become effective unless the defect in question is plainly described therein, nor until the commissioner having jurisdiction finds that the person who signed such waiver fully understood the meaning thereof and, if such person is a minor, that one of the parents or a guardian of such minor has approved the same in writing, nor until such commissioner, in writing, approves thereof and furnishes each of the parties thereto with a copy thereof. No such waiver shall be a bar to a claim by the person signing the same, or his dependents, for compensation for any injury arising out of and in the course of his employment, or death resulting therefrom, which injury shall not be found to be attributable in a material degree to the particular condition described therein. The rights and liabilities of the parties to such waiver as to injuries arising out of and in the course of the employment and within the terms of such waiver shall be such as are provided by law in the case of persons outside the scope of this chapter. 'Physical defect,' as used in this section, shall not be construed to include an occupational disease, susceptibility thereto or a recurrence thereof. Such waivers shall remain in effect between the employee and the successor employer whenever an employer company which is a party to such a waiver is merged with, or substantially purchased by, another company, provided the employment relationship otherwise remains substantially the same." Section 31-325 was amended in 1967. See Public Acts 1967, No. 842 § 19.

for a "subtotal gastrectomy scar; laxity both internal inguinal rings, more pronounced on right." The waiver was approved by the compensation commissioner two days later, whereupon it became effective under the terms of the statute. On October 2, 1968, a limited hearing was held before the commissioner for the sixth congressional district on the plaintiff's application that the waiver be declared null and void. No compensable injury or disability was claimed, and the application was denied. An appeal was taken to the Superior Court and was dismissed, the court concluding that the compensation act did not grant the commissioner power to make an award with respect to the subject matter of the application.

At no time has the plaintiff made a claim for compensation which would entitle him to a hearing under General Statutes §§ 31-297—31-299. His contention is that no such claim is necessary since the commissioner has continuing jurisdiction over the waiver and may annul it at any time after it becomes effective. We cannot agree.

Section 31-325 makes it permissible for an employee with a physical defect to waive any right to compensation for injury or death arising out of his employment which is found to be attributable in a material degree to that physical defect. Such a provision is an exception to the general rule that an employee cannot waive his right to benefits under the Workmen's Compensation Act. 100 C.J.S., Workmen's Compensation, § 389. The purpose of this type of statutory exception is to encourage conditional employment of those persons who are affected by or susceptible to a particular disease or injury to a degree which would ordinarily prevent them from securing a job. *Modern Upholstered*

*Chair Co.* v. *Henry,* 213 Tenn. 475, 376 S.W.2d 441; *Jewell Ridge Coal Corporation* v. *Vance,* 203 Va. 557, 125 S.E.2d 879.

Because any attempted waiver of benefits under the compensation act must be carefully scrutinized, our statute requires the commissioner to find that the employee fully understood the meaning of his act before the waiver may be approved and become effective. Such approval is not automatic since the statutory test must be met. As in the case of approving voluntary agreements as to compensation (see § 31-296), great care must be exercised by the commissioner in approving waivers so that the purpose of the compensation act is not thwarted. See *Welch* v. *Arthur A. Fogarty, Inc.,* 157 Conn. 538, 545, 255 A.2d 627.

The plaintiff's claim that jurisdiction over the waiver is continuous and that it may be annulled at any time is unwarranted, however. There is nothing in the act which grants power to the commissioner to reopen the question of the waiver's validity, and it is settled law that the commissioner's jurisdiction is "confined by the Act and limited by its provisions." *Jester* v. *Thompson,* 99 Conn. 236, 238, 121 A. 470; *Morisi* v. *Ansonia Mfg. Co.,* 108 Conn. 31, 33, 142 A. 393. Unlike the case of voluntary agreements as to compensation, which the General Statutes expressly provide may be modified by the commissioner and over which he is given continuing jurisdiction (see §§ 31-296, 31-315), the jurisdiction of the commissioner to declare a waiver null and void ends when he has approved it.

When a claim for compensation is made, however, § 31-325 requires that the commissioner determine if the injury involved was materially attributable to the condition described in the waiver before

the waiver may be held to bar recovery. Furthermore, because of the broad hearing powers provided under §§ 31-297—31-299, jurisdiction to reexamine the validity of a waiver probably exists after a claim has been made which is found attributable to the waived injury, but the commissioner's prior approval would not be upset without just cause, such as proof of fraud. See *Jewell Ridge Coal Corporation* v. *Vance,* supra, 560.

For these reasons we hold that a commissioner has no jurisdiction to annul a waiver which has been approved, at least until such time as a claim for compensation arises which may prove to be barred by the waiver. This is in accord with the principle that one purpose of workmen's compensation is to avoid litigation, delay and expense. See *Powers* v. *Hotel Bond Co.,* 89 Conn. 143, 146, 147, 93 A. 245. The interpretation urged by the plaintiff would permit an issue to be raised before the commissioner which has not been demonstrated to affect anyone's rights and would thereby defeat the objectives of the act and cause needless delay, expense, and uncertainty. Additionally, if the plaintiff's position was adopted and wholesale attacks on waivers were permitted, the purpose of the statute authorizing the waivers would be frustrated since no employer could rely on their validity, and the probable result would be that handicapped persons would find it even more difficult to find work. See *Modern Upholstered Chair Co.* v. *Henry,* 213 Tenn. 475, 483, 376 S.W.2d 441.

There is no error.

In this opinion the other judges concurred.