The plaintiff in this action seeks workers' compensation benefits as the result of an injury alleged to have occurred in August, 1974, when his right foot and ankle struck the edge of a skid while he was moving a barrel at his place of employment. The defendant employer, Jacob Brothers, Inc., furnished medical care to the plaintiff on the date of the injury. *Page 332 
On February 12, 1980, the plaintiff filed a notice of claim with his employer.[1] On March 7, 1980, he filed a motion to preclude the defendants from contesting liability, alleging that his employer had not filed a notice that his claim for compensation was contested within the required twenty days.[2]
By his finding and award, the compensation commissioner granted the plaintiff's motion to preclude and found that the plaintiff had indeed suffered a compensable injury to his right foot arising out of and in the course of his employment with the defendant. The defendants appealed to the compensation review division, which thereafter affirmed the compensation commissioner's decision in its entirety.
The employer and its insurer have appealed to this court. They contend that the provisions of General Statutes (Rev. to 1972) 31-297 (b) violate their rights to procedural due process and the equal protection of the laws in derogation of the state and federal constitutions. They further contend that since no written notice of claim was required under General Statutes (Rev. to 1972)31-294, no notice contesting compensation was required by 31-297 (b). We conclude that those claims are without merit.
 I
Section 31-297 (b)provides that an employer who contests liability to pay compensation must file a prescribed notice to that effect within twenty days after his receipt of a written notice of claim. Having failed to do so within the prescribed time, the *Page 333 
employer is "conclusively presumed" to have accepted the compensability of the injury and loses his right to contest not only the liability, but also the extent of the injury.[3]
"Statutes creating permanent irrebuttable presumptions, which are neither necessarily nor universally true, are disfavored under both the Fifth and Fourteenth Amendments, because they preclude individualized determination of the facts upon which substantial rights or obligations may depend. Vlandis v. Kline, 412 U.S. 441,93 S.Ct. 2230, 37 L.Ed.2d 63 (1973)." Coleman v. Darden,595 F.2d 533, 536 (10th Cir. 1979).
"`A presumption of law must be based upon facts of universal experience and be controlled by inexorable logic.'" Ducharme v. Putnam, 161 Conn. 135,140, 285 A.2d 318 (1971). To be constitutionally valid there must be a "rational connection between the fact proved and the ultimate fact presumed . . . ." Tot v. United States, 319 U.S. 463, 467-68, 63 S.Ct. 1241,87 L.Ed. 1519 (1943). The United States Supreme Court "has held more than once that a statute creating a presumption which operates to deny a fair opportunity to rebut it violates the due process clause of the Fourteenth Amendment." Heiner v. Donnan, 285 U.S. 312, 329, 52 S.Ct. 358,76 L.Ed. 772 (1931).
The broad scope of this irrebuttable presumption doctrine has been significantly narrowed, however, in more recent decisions involving economic areas. In Weinberger v. Salfi, 422 U.S. 749, 95 S.Ct. 2457, *Page 334 45 L.Ed.2d 522 (1975), the Supreme Court upheld a federal statute precluding survivors from receiving social security benefits unless the claimant's relationship to the wage earner existed at least nine months before his death. Thereafter, in Usery v. Turner Elkhorn Mining Co., 428 U.S. 1,96 S.Ct. 2882, 49 L.Ed.2d 752 (1976), the court validated a federal law creating two irrebuttable presumptions concerning miners' disability and death from complicated pneumoconiosis.
While it is intellectually impossible to articulate accurately the doctrinal underpinning of the Supreme Court's recent decisions in the irrebuttable presumption area,[4] "congressional judgments in the form of `irrebuttable presumptions' in the economic area will be upheld where there is a rational relationship between the criteria set forth in the statutory mandate and a legitimate congressional purpose." (Emphasis added.) Sakol v. Commissioner of Internal Revenue,574 F.2d 694, 698 (2d Cir. 1978).
In Menzies v. Fisher, 165 Conn. 338,334 A.2d 452 (1973), the Supreme Court reviewed the legislative history of 31-297 (b) and found that the act "sought to correct some of the glaring inequities and inadequacies of the Workmen's Compensation Act. Among the defects . . . were the needless, prejudicial delays in the proceedings . . ., delays by employers or insurers in the payment of benefits, lack of knowledge on the part of employees that they were entitled to benefits and the general inequality of resources available to claimants with bona fide claims." Id., 342. The court found that the object of the twenty day rule was "to ensure (1) that employers would bear the burden of investigating a *Page 335 
claim promptly and (2) that employees would be timely apprised of the specific reasons for the denial of their claim. These effects would, in turn, diminish delays in the proceedings, discourage arbitrary refusal of bona fide claims and narrow the legal issues which were to be contested." Id., 343. The court concluded that "[t]his rule is equitable because employers and insurers have the necessary resources to fulfill its mandate . . . ." Id., 345.
The statute and its legislative history were thereafter reexamined in Adzima v. UAC/Norden Division, 177 Conn. 107, 411 A.2d 924 (1979). The court there concluded that the twenty day rule applied only to cases where liability was contested, and not to situations where the extent of the medical disability was in dispute. In neither Menzies nor Adzima was the legitimacy of the legislative purpose of the means adopted to effect that end challenged by either the appellants or the Supreme Court. We see no reason to do so now.
We conclude that the statute in question is economic in nature, that it articulates a legitimate legislative purpose and that the means adopted to produce the result bear a rational relationship to the stated purposed of the statute. This being the case, the conclusive presumption is entitled to be examined within the less expansive prohibitions found in Weinberger v. Salfi, supra, and Usery v. Turner Elkhorn Mining Co., supra. When examined within the context, the legislation is found to be constitutionally valid.
 II
The commissioner found that the employer furnished medical services to the claimant within one year of the injury and that the required notice of claim by the employee *Page 336 
was therefore unnecessary.[5] Since the written notice of claim was in fact unnecessary, the appellants now argue, as a necessary corollary, that the notice contesting liability required by 31-297 (b) was also unnecessary. They argue, therefore, that they ought not to be penalized for failing to file a disclaimer in response to a notice that was not required. This argument misconstrues the purposes of the two statutes and seeks to establish a relationship between the two which does not exist.
The entitlement to compensation from an employer for employment-related injuries is solely a function of legislative enactment. To be eligible for participation in compensation proceedings, the employee is required under 31-294 (1) forthwith to notify his employer of his injury and (2) to file a written notice of claim within the prescribed period. A notice of claim is not required if (1) a hearing procedure is seasonably set in motion, (2) a voluntary agreement is reached and submitted by the parties or (3) medical or surgical care for the injury is supplied by the employer within the applicable time.
Among its other purposes, two obvious functions of 31-294 are to advise the employer of the fact that his employee has suffered a job-related injury and to limit his liability to those injuries that are reported in a timely fashion. The statute's mandate to the employee in this regard is clear and vitally important: "No proceedings for compensation under the provisions *Page 337 
of this chapter shall be maintained unless a written notice of claim for compensation is given [as specified] . . . ." The exceptions to this requirement all bear the common denominator of articulating circumstances under which the employer would have to be aware of the injury within the prescribed period. It is clear that those portions of 31-294 are designed to protect the employer by insulating him from all but timely filed injury claims.
On the other hand, 31-297 (b)is designed for the protection of the employee. The statute was amended "to ensure (1) that employers would bear the burden of investigating a claim promptly and (2) that employees would be timely apprised of the specific reasons for the denial of their claim." Menzies v. Fisher, supra, 343.
The fact that the employer's interest in this case was protected under 31-294 without the requirement of a timely written notice of claim does not compromise the employee's right to know under 31-297 (b) whether his employer was contesting his compensation claim. Although both statutes refer to a notice of claim, their respective purposes are different. The fact that a written notice of claim was not required to fulfill the requirements of 31-294 did not relieve the employer from the burdens imposed by the provisions of 31-297 (b)after a written notice of claim was furnished.
 III
The defendants further argue that the plaintiff is equitably estopped from pleading the preclusive provisions of 31-297 (b) because counsel mailed the notice of claim to the defendant's office in Wethersfield when he knew that the defendant also had an office in Milford which customarily handled Bridgeport claims. "Estoppel rests on the misleading conduct of one party to the prejudice of the other." Jensen v. Nationwide Mutual Ins. Co., 158 Conn. 251, 338 *Page 338 
262, 259 A.2d 598 (1969). The defendants do not explain, nor are we able to infer, how the use of the Wethersfield address constituted misleading conduct. We conclude that no factual basis is shown for invoking this equitable doctrine. Finally, the defendants contend that the commissioner erroneously permitted the introduction of documentary medical evidence "without any semblance of a foundation." Proceedings before the workers' compensation commissioner are specifically governed by legislative enactment, which authorizes the commissioner to proceed "in accordance with the rules of equity. He shall not be bound by the ordinary common law or statutory rules of evidence or procedure, but shall make inquiry in such manner, through oral testimony or written and printed records, as is best calculated to ascertain the substantial rights of the parties and carry out justly the spirit of this chapter." (Emphasis added.) General Statutes 31-298. We conclude that the commissioner's use of medical evidence in question falls within the broad latitude extended to him by the statute. See Manfredi v. United Aircraft Corporation, 138 Conn. 23,25, 81 A.2d 448 (1951).
 There is no error.
In this opinion SHEA and BIELUCH, Js., concurred.