ARLYNE BUSH *v.* QUALITY BAKERS OF AMERICA ET AL.
(2057)
(2610)

DANNEHY, C.P.J., HULL and BORDEN, Js.

Argued May 1—decision released August 7, 1984

*Douglas L. Drayton,* with whom, on the brief, was *Jason M. Dodge,* for the appellants (defendants).

*Gerard S. Spiegel,* for the appellee (plaintiff).

HULL, J. In this workers' compensation case, these combined appeals raise questions concerning the constitutionality of the conclusive presumption of General Statutes § 31-297 (b) and the subject matter jurisdiction of the workers' compensation district commissioner.

The facts are not in dispute. On May 2, 1980, the decedent, Roy Bush, who had been an employee of Quality Bakers of America (Quality), suffered a cardiac arrest and died after playing a racquetball game shortly after noon at a private health club with the president of Quality. Bush's widow, the claimant, filed a workers' compensation claim for survivor's benefits, providing written notice of her claim via certified mail to Quality on November 26, 1980. As of December 16, 1980, twenty days after receiving written notice of the widow's claim, Quality had not filed any notice of intention to contest the claim as required pursuant to General Statutes § 31-297 (b).[1]

---

[1] General Statutes § 31-297 (b) provides: "Whenever liability to pay compensation is contested by the employer, he shall file with the compensation commissioner, on or before the twentieth day after he has received a written notice of claim, a notice in accord with a form prescribed by the commissioners stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and the specific grounds on which the right to compensation is contested, and a copy thereof shall be sent to the employee. If the employer or his legal representative fails to file the notice contesting liability within the time prescribed herein, the employer shall be conclusively presumed to have accepted the compensability of such alleged injury or death and shall have no right thereafter to contest the employee's right to receive compensation on any gounds or the extent of his disability."

On January 26, 1982, the workers' compensation commission for the seventh district entered a finding of compensability for the decedent's death against Quality on the basis of the conclusive presumption established by General Statutes § 31-297 (b), but found, in addition, that his death did not arise out of and during the course of his employment.

Quality and its workers' compensation carrier, Travelers Insurance Co., appealed the commissioner's finding and award to the compensation review division (CRD). On January 29, 1982, the defendants filed a motion requesting the CRD to reserve for the Appellate Session of the Superior Court the constitutional challenge to § 31-297 (b) in accordance with then General Statutes § 31-324.[2] The CRD denied the motion for reservation on November 9, 1982, from which Quality and Travelers appeal in appeal No. 2057. The CRD later affirmed the commissioner's decision, upholding the constitutionality of General Statutes § 31-297 (b), but amended his findings to exclude the factual deter-

---

[2] General Statutes § 31-324 then provided: "When, in any case arising under the provisions of this chapter, the compensation review division is of the opinion that the decision involves principles of law which are not free from reasonable doubt and which public interest requires shall be determined by the appellate session of the superior court, in order that a definite rule be established applicable to future cases, said compensation review division may, on its own motion and without any agreement or act of the parties or their counsel, reserve such case for the opinion of the appellate session of the superior court. Upon a reservation so made, no costs shall be taxed in favor of either party, and no entry fee, record fee, judgment fee or other clerk's fee in either court shall be taxed. Upon the filing of such a reservation, the question shall come before the appellate session of the superior court as though an appeal had been taken, and said court shall thereupon reserve the case for the opinion of the supreme court in the manner herein indicated; but if, in the opinion of the appellate session of the superior court, the principles of law involved in the decision are in fact free from reasonable doubt and the public interest does not in fact require that they be determined by the supreme court, the appellate session of the superior court may, in its discretion, hear and determine the controversy as in other cases."

mination that the decedent's death did not arise out of his employment. From this decision, Quality also appeals.[3] That appeal, No. 2610, was consolidated with the first on November 14, 1983. Quality conceded at argument that since the second appeal, No. 2610, also involved the issue of constitutionality sought to be reserved in appeal No. 2057, No. 2057 was rendered moot.[4] Appeal No. 2057 is therefore dismissed for mootness.

Quality raises two issues which, as will be seen, overlap to some extent: (1) whether § 31-297 (b) violates the due process clause of both the state and federal constitutions by conclusively presuming compensability of a claim if the employer fails to file a notice contesting liability within twenty days of receipt; and (2) whether the workers' compensation commissioner lacks jurisdiction to award compensation benefits when there is a finding that the employee's death did not arise out of and in the course of employment.

Quality argues that the conclusive presumption of § 31-297 (b) is unconstitutional because there is no rational connection between the fact proved and the ultimate fact presumed. To support its contention, Quality cites the landmark case of *Ducharme* v. *Putnam*, 161 Conn. 135, 285 A.2d 318 (1971), holding unconstitutional General Statutes § 7-433a,[5] which established a conclusive presumption that a policeman's heart attack or hypertension was work related if the policeman had passed a pre-employment physical examination.

---

[3] "Quality" hereinafter will refer to both appellants unless otherwise noted.

[4] We will leave for another day the question of whether the denial by CRD of a petition for reservation of a question constitutes a final judgment from which the right of appeal will lie. See Practice Book § 3000.

[5] General Statutes § 7-433a, which was successfully challenged in *Ducharme* v. *Putnam*, 161 Conn. 135, 285 A.2d 318 (1971), was substantially replaced by the present language of General Statutes § 7-433c as a result of the *Ducharme* court's decision.

The *Ducharme* court stated the issue in oft-quoted language as follows: "As the defendant municipality has properly argued, the presumption created by the statute being a conclusive one, and hence not rebuttable by proof of the actual facts, it would require an adjudication that a perfectly healthy off-duty Putnam policeman who brought on a heart attack by overexertion on the last day of a lengthy out-of-state vacation suffered the attack 'in the course of his employment,' 'in the line of duty' and 'within the scope of his employment' by the city—despite the circumstance that that situation was entirely without foundation in fact. Constitutionally, the legislature can no more bind the courts to such a factually unsupportable conclusive adjudication than it can require their adjudication that a camel is a horse by the enactment of a statutory conclusive presumption that all four-footed animals are horses." Id., 140.

The question of whether the holding that the conclusive presumption was unconstitutional in *Ducharme* requires a similar holding concerning the conclusive presumption in General Statutes § 31-279 (b) was faced squarely in *De Leon* v. *Jacob Bros., Inc.,* 38 Conn. Sup. 331, 446 A.2d 831 (1981), appeal dismissed, 456 U.S. 952, 102 S. Ct. 2026, 72 L. Ed. 2d 447 (1982) (for want of a substantial federal question). The Appellate Session of the Superior Court determined in *De Leon* that the conclusive presumption of compensability, where liability is not contested by the employer within twenty days of written notice, did not violate the employer's rights to procedural due process and equal protection of the laws. We concur with the reasoning of the *De Leon* court as set forth in the following lengthy excerpt from that opinion: " 'Statutes creating permanent irrebuttable presumptions, which are neither necessarily nor universally true, are disfavored under both the Fifth and Fourteenth Amendments, because they preclude

individualized determination of the facts upon which substantial rights or obligations may depend. *Vlandis* v. *Kline,* 412 U.S. 441, 93 S. Ct. 2230, 37 L. Ed. 2d 63 (1973).' *Coleman* v. *Darden,* 595 F.2d 533, 536 (10th Cir. 1979).

" ' "A presumption of law must be based upon facts of universal experience and be controlled by inexorable logic." ' *Ducharme* v. *Putnam,* 161 Conn. 135, 140, 285 A.2d 318 (1971). To be constitutionally valid there must be a 'rational connection between the fact proved and the ultimate fact presumed . . . .' *Tot* v. *United States,* 319 U.S. 463, 467–68, 63 S. Ct. 1241, 87 L. Ed. 1519 (1943). The United States Supreme Court 'has held more than once that a statute creating a presumption which operates to deny a fair opportunity to rebut it violates the due process clause of the Fourteenth Amendment.' *Heiner* v. *Donnan,* 285 U.S. 312, 329, 52 S. Ct. 358, 76 L. Ed. 772 (1931).

"The broad scope of this irrebuttable presumption doctrine has been significantly narrowed, however, in more recent decisions involving economic areas. In *Weinberger* v. *Salfi,* 422 U.S. 749, 95 S. Ct. 2457, 45 L. Ed. 2d 522 (1975), the Supreme Court upheld a federal statute precluding survivors from receiving social security benefits unless the claimant's relationship to the wage earner existed at least nine months before his death. Thereafter, in *Usery* v. *Turner Elkhorn Mining Co.,* 428 U.S. 1, 96 S. Ct. 2882, 49 L. Ed. 2d 752 (1976), the court validated a federal law creating two irrebuttable presumptions concerning miners' disability and death from complicated pneumoconiosis.

"While it is intellectually impossible to articulate accurately the doctrinal underpinning of the Supreme Court's recent decisions in the irrebuttable presumption area, 'congressional judgments in the form of "irrebuttable presumptions" in the economic area will

be upheld where there is *a rational relationship between the criteria set forth in the statutory mandate and a legitimate congressional purpose.'* (Emphasis added.) *Sakol* v. *Commissioner of Internal Revenue,* 574 F.2d 694, 698 (2d Cir. 1978).

"In *Menzies* v. *Fisher,* 165 Conn. 338, 334 A.2d 452 (1973), the Supreme Court reviewed the legislative history of § 31-297 (b) and found that the act 'sought to correct some of the glaring inequities and inadequacies of the Workmen's Compensation Act. Among the defects . . . were the needless, prejudicial delays in the proceedings . . . delays by employers or insurers in the payment of benefits, lack of knowledge on the part of employees that they were entitled to benefits and the general inequality of resources available to claimants with bona fide claims.' Id., 342. The court found that the object of the twenty day rule was 'to ensure (1) that employers would bear the burden of investigating a claim promptly and (2) that employees would be timely apprised of the specific reasons for the denial of their claim. These effects would, in turn, diminish delays in the proceedings, discourage arbitrary refusal of bona fide claims and narrow the legal issues which were to be contested.' Id., 343. The court concluded that '[t]his rule is equitable because employers and insurers have the necessary resources to fulfill its mandate . . . .' Id., 345.

"The statute and its legislative history were thereafter reexamined in *Adzima* v. *UAC/Norden Division,* 177 Conn. 107, 411 A.2d 924 (1979). The court there concluded that the twenty day rule applied only to cases where liability was contested, and not to situations where the extent of the medical disability was in dispute. In neither *Menzies* nor *Adzima* was the legitimacy of the legislative purpose of the means adopted to effect that end challenged by either the appellants or the Supreme Court. We see no reason to do so now.

"We conclude that the statute in question is economic in nature, that it articulates a legitimate legislative purpose and that the means adopted to produce the result bear a rational relationship to the stated purpose of the statute. This being the case, the conclusive presumption is entitled to be examined within the less expansive prohibitions found in *Weinberger* v. *Salfi,* supra, and *Usery* v. *Turner Elkhorn Mining Co.,* supra. When examined within the context, the legislation is found to be constitutionally valid."[6] *De Leon* v. *Jacob Bros., Inc.,* supra, 333–35.

We adopt both the reasoning and conclusions of the *De Leon* court and find General Statutes § 31-297 (b) constitutional under both the state and federal constitutions. Quality has not met its heavy burden of proving the statute unconstitutional beyond a reasonable doubt.[7] *Eielson* v. *Parker,* 179 Conn. 552, 557, 427 A.2d 814 (1980); *Engle* v. *Personnel Appeal Board,* 175 Conn. 127, 134, 394 A.2d 731 (1978).

There is an additional cogent reason for such a conclusion. The presumption in *Ducharme* concerned the fact of whether the injury was work related. Before the appearance of the "economic areas" line of cases, there was strong authority, both state and federal, to support the conclusion of unconstitutionality. See *Ducharme* v. *Putnam,* supra, 140–42. The conclusive presumption in this case, however, does not conclusively presume any fact either jurisdictional or evidentiary concerning a claimant's case. It holds that the employer "shall be conclusively presumed to have

---

[6] The constitutionality of General Statutes § 31-297 (b) was also not considered in *Balkus* v. *Terry Steam Turbine Co.,* 167 Conn. 170, 355 A.2d 277 (1971).

[7] Quality distinguishes *De Leon* v. *Jacob Bros., Inc.,* 38 Conn. Sup. 331, 446 A.2d 831 (1981), on the ground that the commissioner found a work related injury in that case. Our decision on the jurisdictional argument, infra, however, disposes of this claim.

accepted the compensability of such . . . death." It is clearly, in the metaphor employed by then Justice House in *Ducharme* v. *Putnam,* supra, a horse of a different color.

When stripped to its essentials, it is clear that this is a procedural provision adopted for policy reasons by the General Assembly to meet recognized abuses in the workers' compensation system. "The Constitution does not preclude such policy choices as a price for conducting programs for the distribution of social insurance benefits. Cf. *Geduldig* v. *Aiello,* [417 U.S. 484, 496, 94 S. Ct. 2485, 41 L. Ed. 2d 256 (1975)]." *Weinberger* v. *Salfi,* 422 U.S. 749, 785, 95 S. Ct. 2457, 45 L. Ed. 2d 522 (1975). This short cutoff date to contest liability is akin to statutes of limitation or default judgments on liability and must be viewed in the context of the problems that gave rise to it. The employer does not establish any facts by not contesting the matter. It may not contest the case for any one of myriad reasons, including the involvement of close factual questions, negligence or oversight, or business considerations of the employer.

Although General Statutes § 31-297 (b) speaks in terms of a conclusive presumption, the label given to the twenty day cutoff period is not determinative of the issue. This precise question was presented in *Usery* v. *Turner Elkhorn Mining Co.,* 428 U.S. 1, 96 S. Ct. 2882, 49 L. Ed. 2d 752 (1976). "Were the Act phrased simply and directly to provide that operators were bound to provide benefits for all miners clinically demonstrating their affliction with complicated pneumoconiosis arising out of employment in the mines, we think it clear that there could be no due process objection to it. For, as we have already observed, destruction of earning capacity is not the sole legitimate basis for compulsory compensation of employees by their employers. *New York Central R. Co.* v. *Bianc* [250 U.S.

596, 40 S. Ct. 44, 63 L. Ed. 1161 (1919)]. We cannot say that it would be irrational for Congress to conclude that impairment of health alone warrants compensation. Since Congress can clearly draft a statute to accomplish precisely what it has accomplished through [the Federal Coal Mine Health and Safety Act] § 411 (c) (3)'s presumption of disability, the argument is essentially that Congress has accomplished its result in an impermissible manner by defining eligibility in terms of 'total disability' and erecting an 'irrebuttable presumption' of total disability upon a factual showing that does not necessarily satisfy the statutory definition of total disability. But in a statute such as this, regulating purely economic matters, we do not think that Congress' choice of statutory language can invalidate the enactment when its operation and effect are clearly permissible. Cf. *Weinberger* v. *Salfi,* 422 U.S. 749, 767–85 [95 S. Ct. 2457, 45 L. Ed. 2d 522] (1975); *McDonald* v. *Board of Election,* 394 U.S. 802, 809 [89 S. Ct. 1404, 22 L. Ed. 2d 739] (1969); *United States* v. *Carolene Products Co.,* 304 U.S. 144, 154 [58 S. Ct. 778, 82 L. Ed. 1234] (1938)." *Usery* v. *Turner Elkhorn Mining Co.,* supra, 23–24. Similarly, were the notice statute in this case couched in terms that an employer cannot contest certain matters unless he specifically raises the questions within twenty days of notice to the employer, there would be little constitutional objection to it.

Quality's argument that the commissioner lacked jurisdiction because of his finding that Bush's death did not arise out of and in the course of his employment falls of its own weight. "[I]t is settled law that the commissioner's jurisdiction is 'confined by the Act and limited by its provisions.' *Jester* v. *Thompson,* 99 Conn. 236, 238, 121 A. 470 [1923]; *Morisi* v. *Ansonia Mfg. Co.,* 108 Conn. 31, 33, 142 A. 393 [1928]." *Gagnon* v. *United Aircraft Corporation,* 159 Conn. 302, 305, 268 A.2d 660 (1970). And, under General Statutes

§ 31-284 (a), an employee's liability is limited to "personal injury sustained by an employee arising out of and in the course of his employment or on account of death . . . so sustained . . . ." The fact that Bush was an employee of Quality who died is not contested. Quality relies only on the claim of the need of the claimant to prove at least a prima facie case of a work related death.

In so doing, Quality overlooks the effect of the statutory preclusion. Quality gave up or relinquished any right it had to contest that issue. "The statute clearly speaks to a threshold failure on the employer's part to contest 'liability': to claim, for example, that the injury did not arise out of and in the course of employment; see *Menzies* v. *Fisher* [165 Conn. 338, 340, 334 A.2d 452 (1973)]; that the injury fell within an exception to the coverage provided by workmen's compensation; see *Draus* v. *International Silver Co.,* 105 Conn. 415, 418, 135 A. 437 (1926); or that the plaintiff was not an employee of the defendant, but an independent contractor; see *Biederzycki* v. *Farrel Foundry & Machine Co.,* 103 Conn. 701, 704, 131 A. 739 (1926). If there is such a failure to contest, both liability, and any substantive claim as to the extent of disability, are precluded." *Adzima* v. *UAC/Norden Division,* 177 Conn. 107, 113–14, 411 A.2d 924 (1979). Quality conceded compensability and jurisdiction to adjudicate the Bush claim when it failed to contest the initial claim. Any other interpretation of the statute would gut the remedial purpose of the twenty day rule. The jurisdictional claim is illusory. By not contesting compensability, Quality waived any jurisdiction claim.

We agree with the conclusion of the compensation review division that once the commissioner found statutory preclusion of any defense to compensability, "he was no longer permitted to make any factual explora-

tion or finding concerning such a potential question." Quality's threshold failure to contest liability foreclosed any further inquiry.

In *Menzies* v. *Fisher,* supra, the Supreme Court of Connecticut found the employer's notice of contest inadequate under the statute in failing to supply any specific grounds for denying the plaintiff's claim. That court found that the trial court's failure to preclude the employer's defenses was harmless error in the light of its having sustained the award. The court then stated: "Our decision as to the procedural effect of § 31-297 thus renders moot the claim by the defendants that the injuries sustained by the claimant's decedent did not, on the facts, arise out of and in the course of employment." Id., 348.

There is no error.

In this opinion the other judges concurred.