CARL DZIENKIEWICZ *v.* DEPARTMENT OF
CORRECTION ET AL.
(SC 18255)

Rogers, C. J., and Katz, Palmer, Vertefeuille and Zarella, Js.

Argued February 17—officially released April 14, 2009

*Edward T. Dodd, Jr.*, with whom, on the brief, was *Anthony V. Federice*, for the appellant (plaintiff).

*Lisa Guttenberg Weiss*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *William J. McCullough*, assistant attorney general, for the appellee (named defendant).

*Opinion*

KATZ, J. The plaintiff, Carl Dzienkiewicz, appeals from the decision of the compensation review board (review board) affirming the decision of the workers' compensation commissioner (commissioner) dismissing his claim for benefits from the named defendant, the department of correction (defendant),[1] on the ground that work stress was not a substantial cause of the plaintiff's hypertension and stroke.[2] The sole issue in this appeal is whether the review board properly concluded that the commissioner had not abused his discretion by refusing to admit into evidence a decision by the state medical examining board (medical board) awarding the plaintiff disability retirement benefits. We affirm the review board's decision.

The commissioner's decision and the record reveal the following undisputed facts and procedural history. The plaintiff commenced employment with the defendant in March, 1983, working principally at the Bridgeport and Webster state correctional facilities as a correction officer. On or about March 27, 2004, the plaintiff felt some numbness in his left arm. By March 29, 2004, the plaintiff felt so ill that his wife took him to a hospital emergency room, where he was diagnosed as having had a stroke and admitted to the hospital. He later was transferred to another hospital's rehabilitation center. The plaintiff currently is totally disabled from his employment with the defendant. Pursuant to a decision by the medical board, he was awarded disability retirement benefits.

---

[1] GAB Robins North America also was a party to the workers' compensation proceedings and was named as a defendant in the present case. References herein to the defendant are to the department of correction.

[2] The plaintiff appealed from the review board's decision to the Appellate Court, pursuant to General Statutes § 31-301b, and we thereafter transferred the appeal to this court, pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

The plaintiff thereafter filed a claim for workers' compensation benefits, pursuant to General Statutes § 5-145a and chapter 568 of the General Statutes, alleging that work stress had been a substantial factor in causing his hypertension and stroke. At the hearing before the commissioner, the plaintiff testified regarding numerous and repeated stressful situations that he had encountered at work and claimed that the numbness in his arm had commenced while he was at work on the evening of March 27, 2004. Without objection, both parties submitted written opinions of medical experts. The defendant's medical expert, Edward J. Fredricks, a neurologist, concluded, on the basis of the plaintiff's medical records, that his stroke had been caused by preexisting health problems, rather than work stress.

The plaintiff also sought, over the defendant's objection, to introduce into evidence the medical board's decision awarding him disability retirement benefits, which was predicated on a determination that his disability was service connected. See *Hill* v. *State Employees Retirement Commission*, 83 Conn. App. 599, 601, 851 A.2d 320 (explaining predicate for benefits under General Statutes § 5-192p and role of medical board in rendering that decision), cert. denied, 271 Conn. 909, 859 A.2d 561 (2004). The defendant objected to the admission of this decision on the ground of relevance, asserting that the medical board was a different administrative body than the workers' compensation commission (commission) and was charged with determining pension eligibility under a different standard. The plaintiff contended in response that the decision was relevant because it was "an admission by the [defendant] that [the plaintiff] suffered a stroke as a result of the hypertension and further that he's totally disabled. The same issues that you're basically deciding [here]." The plaintiff further asserted that, because the medical board was made up of three medical experts, the com-

missioner should admit the medical board's decision as the opinion of the defendant's own medical experts. After ascertaining from the plaintiff that the medical board had made its determination solely on the basis of its review of the plaintiff's medical records, the commissioner sustained the defendant's objection to admission of the medical board's decision.

The commissioner thereafter issued a decision dismissing the plaintiff's claim for benefits. The commissioner concluded that the plaintiff had failed to establish by credible evidence that his work as a correction officer had been a substantial contributing factor in causing his stroke. Specifically, the commissioner concluded that, of the medical experts' opinions, Fredericks' opinion concluding that the plaintiff's stroke had been caused by his chronic hypertension and diabetes was the most persuasive.

The plaintiff appealed from the commissioner's decision to the review board. The sole issue before the review board was whether the commissioner properly had refused to admit into evidence the medical board's decision. The review board concluded that the decision whether to admit this evidence was within the commissioner's discretion. The review board noted the substantive and procedural differences between decisions rendered by the medical board and the commissioner. In light of these differences, the review board concluded that the medical board's decision could not bind either the defendant or the commissioner. Accordingly, the review board affirmed the commissioner's decision and dismissed the appeal. This appeal followed. See footnote 2 of this opinion.

On appeal to this court, the plaintiff concedes that the board could have reversed the commissioner's decision only if the commissioner's ruling declining to admit the medical board's decision constituted an abuse of

discretion. He contends, however, that the decision was an abuse of discretion and constituted harmful error because: (1) the medical board's decision constituted an admission of a party opponent, which is admissible under the rules of evidence and case law as an exception to the hearsay rule; and (2) this admission was relevant to the dispositive issue in the case and contrary to the defendant's position on that issue before the commissioner, that is, whether work stress had been a substantial factor in causing the plaintiff's stroke. The defendant contends in response that the commissioner properly declined to admit this evidence because it was not relevant.[3] The defendant further asserts that the plaintiff's position would allow the medical board improperly to usurp the authority of the commission.

In light of the review board's decision addressing whether the medical board's decision could be binding on the commission, this court, at oral argument, sought to clarify whether the plaintiff was contending that the medical board's decision was a *judicial* admission or an *evidentiary* admission.[4] The plaintiff asserted that,

[3] The defendant also urged this court not to consider this appeal on the ground that the plaintiff has failed to comply with the requirements of Practice Book § 67-4 (d) (3). The defendant points out that, although the plaintiff, in his brief, quoted the proffered exhibit and asserted that it constituted an admission of a party opponent, he did not provide the court with a verbatim statement of the objection made before the commissioner and the grounds on which that objection was made. As the defendant conceded at oral argument, however, the review board essentially remedied the deficiencies in the plaintiff's actions by including in its record the transcript of the exchange addressing the plaintiff's offer, the defendant's objection and the commissioner's ruling. Moreover, the medical board's decision was marked for identification and included in the record. Therefore, in light of the review board's actions and its decision on the merits of the plaintiff's claim, we will address the plaintiff's claim.

[4] "The distinction between judicial admissions and mere evidentiary admissions is a significant one that should not be blurred by imprecise usage. . . . While both types are admissible, their legal effect is markedly different; judicial admissions are conclusive on the trier of fact, whereas evidentiary admissions are only evidence to be accepted or rejected by the trier." (Internal quotation marks omitted.) *Tianti* v. *William Raveis Real Estate, Inc.*, 231 Conn. 690, 695 n.6, 651 A.2d 1286 (1995).

although the medical board's decision arguably could be considered a judicial admission, his claim before the commissioner and to this court is that it constituted an evidentiary admission that the commissioner nevertheless was required to admit. We conclude that the plaintiff's claim is entirely without merit.

We note at the outset our agreement with the review board that the commissioner's evidentiary rulings are reviewed under an abuse of discretion standard. See *Bidoae* v. *Hartford Golf Club*, 91 Conn. App. 470, 479, 881 A.2d 418, cert. denied, 276 Conn. 921, 888 A.2d 87 (2005), cert. denied, 547 U.S. 1112, 126 S. Ct. 1916, 164 L. Ed. 2d 665 (2006); *De Leon* v. *Jacob Bros., Inc.*, 38 Conn. Sup. 331, 338, 446 A.2d 831 (1981), cert. denied, 456 U.S. 952, 102 S. Ct. 2026, 72 L. Ed. 2d 477 (1982); see also *Besade* v. *Interstate Security Services*, 212 Conn. 441, 452, 562 A.2d 1086 (1989) (applying abuse of discretion standard to decision of workers' compensation commissioner on whether to open award to allow new evidence). Nevertheless, while we apply the same standard of review that we would to a trial court's evidentiary rulings, we do not gauge the exercise of that discretion against the same legal standards. The commissioners are not bound by the rules of evidence, as are trial courts. "In the workers' compensation arena . . . [t]he commissioner is to proceed 'in accordance with the rules of equity' and is not 'bound by the ordi-

---

In light of the fact that the plaintiff does not contend that the medical board's decision constituted a judicial admission, we need not consider the estoppel based arguments that the review board considered. We note, however, that, in addition to the issues raised by the review board, the plaintiff would have to overcome another obstacle. A decision of an administrative agency is not entitled to preclusive effect if there is no right to judicial review. See *Commissioner of Motor Vehicles* v. *DeMilo & Co.*, 233 Conn. 254, 268, 659 A.2d 148 (1995). The Appellate Court previously has concluded that decisions of a state medical examining board are not subject to appeal under the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq. See *Bailey* v. *Medical Examining Board for State Employee Disability Retirement*, 75 Conn. App. 215, 223, 815 A.2d 281 (2003).

nary common law or statutory rules of evidence or procedure . . . .' General Statutes § 31-298." *Mulroy* v. *Becton Dickinson Co.*, 48 Conn. App. 774, 779, 712 A.2d 436 (1998). Indeed, "the commissioner has broader discretion over evidence than does a trial court." *Bidoae* v. *Hartford Golf Club,* supra, 479; id., 477 (citing "commissioner's expansive evidentiary reach"). The commissioner's evidentiary rulings, of course, must comport with the requirements of due process. *Giaimo* v. *New Haven,* 257 Conn. 481, 512, 778 A.2d 33 (2001).

In light of the foregoing, it is clear that whether the medical board's decision was admissible as a hearsay exception under the rules of evidence is irrelevant. Moreover, to the extent that the plaintiff's claim is that the nature of the statement, irrespective of its admissibility under the rules of evidence, demonstrates its relevance to the matter at hand, we disagree that the decision of the medical board was an admission of a party opponent. "Under the admissions of a party opponent exception to the hearsay rule, evidence must be offered against the party that made the admission." (Internal quotation marks omitted.) *State* v. *Markeveys,* 56 Conn. App. 716, 719, 745 A.2d 212, cert. denied, 252 Conn. 952, 749 A.2d 1203 (2000); see also *Bell Food Services, Inc.* v. *Sherbacow,* 217 Conn. 476, 489, 586 A.2d 1157 (1991) (plaintiffs could not offer statement of persons other than defendant as statement of party opponent); *DeMarkey* v. *Fratturo,* 80 Conn. App. 650, 655, 836 A.2d 1257 (2003) ("[t]o fall within [party opponent] exception, one must be able to identify the declarant clearly as a party to the litigation"). The defendant was not a party to the proceeding before the medical board. Contrary to the underlying premise of the plaintiff's claim, the mere fact that the defendant and the medical board are both agencies of the state does not per se establish such unity of identity that the *state* is deemed the party opponent. Cf. *Rocque* v. *DeMilo &*

*Co.*, 85 Conn. App. 512, 524–26, 903 A.2d 679 (2004) (noting when affirming decision striking defendants' counterclaim against department of transportation in action brought by department of environmental protection because agencies did not share unity of interest: "[t]hese departments, although both state agencies under the aegis of the executive branch, clearly possess different interests and protect and enforce different legal rights"); see also *State* v. *Fritz*, 204 Conn. 156, 173, 527 A.2d 1157 (1987) (rejecting claim that two state agencies, simply by virtue of shared status as agents of state, are necessarily in privity for purposes of res judicata), overruled in part on other grounds by *State* v. *Crawford*, 257 Conn. 769, 779–80, 779 n.6, 778 A.2d 947 (2001), cert. denied, 534 U.S. 1138, 122 S. Ct. 1086, 151 L. Ed. 2d 985 (2002); *Commission on Special Revenue* v. *Freedom of Information Commission*, 174 Conn. 308, 319, 387 A.2d 533 (1978) (concluding that, when attorney general is not party to action, he or she may represent opposing state agencies in dispute). There is neither an identity of interest between the defendant as an employer and the medical board in its administrative capacity nor a representative capacity that one serves in relation to the other such that the medical board's statements can be ascribed to the defendant. See *In re Kristy A.*, 83 Conn. App. 298, 312–13, 848 A.2d 1276 (testimony of department of children and families social worker could not be admission against department of children and families in absence of findings that social worker was party to underlying proceeding and was department's designated representative), cert. denied, 271 Conn. 921, 859 A.2d 579 (2004). Accordingly, the medical board's decision could not be an admission of the party opponent, namely, the defendant. For the same reasons, the medical board's statements cannot be considered an evidentiary admission by the defendant.

Finally, even if the medical board's decision could be deemed an evidentiary admission, the plaintiff has

failed to demonstrate that it was an abuse of discretion to exclude it. As the plaintiff conceded before the commissioner, the medical board had formed its conclusions solely on the basis of its review of the plaintiff's medical records, without examining him. The entirety of its decision consisted of seven sentences, unsupported by any analysis of the medical evidence indicating the basis for its conclusions.[5] Although the plaintiff asserted at oral argument to this court that the commissioner's decision was an abuse of discretion because the commissioner had accepted Fredericks' opinion, which also had been formed based solely on a review of the medical records, the comparison between the medical board's decision and Fredericks' opinion is specious. Fredericks wrote a three and one-half page, single-spaced letter explaining in detail the basis of his conclusion. The defendant also offered Fredericks' deposition testimony into evidence, which reflected that Fredericks' opinion had been tested under the crucible of cross-examination by the plaintiff. Accordingly, the review board properly concluded that the commissioner did not abuse his discretion in excluding the medical board's decision. See *Marandino* v. *Prometh-*

---

[5] The medical board's decision provided in its entirety: "The [medical board], after reviewing all of the documentation admitted into evidence, adopted the following resolution:

### RESOLVED

"To approve the application for service-connected disability retirement of [the plaintiff]. The [plaintiff] has worked for the [s]tate of Connecticut as a [c]orrection [o]fficer since 1983 and while employed developed severe hypertension. The [plaintiff] does not have documentation of normal blood pressure at the time of hire, but this requirement was not in place until 1985. The [plaintiff] suffered a stroke in March of 2004 and has residual weakness of the left side and difficulty walking. The stroke is a consequence of hypertension and other medical and genetic factors. He is permanently disabled from performing the duties of his classification as a [c]orrection [o]fficer as a consequence of the stroke. The [medical board] finds that because of the presumption of causality between hypertension and work in the field of [c]orrections as an officer, the application for service-connected disability retirement is reasonable and therefore approved."

*eus Pharmacy*, 105 Conn. App. 669, 681, 929 A.2d 591 ("[b]ecause [the] opinion [of the plaintiff's medical expert] regarding causation is merely a statement devoid of a basis in fact, we conclude that it was not competent evidence, but rather speculation and conjecture and, as such, could not, without more, be relied on to determine whether legal causation existed between the arm and leg injury"), cert. granted, 286 Conn. 916, 945 A.2d 977 (2008); see also *Borkowski* v. *Borkowski*, 228 Conn. 729, 742, 638 A.2d 1060 (1994) ("In order to render an expert opinion . . . there must be a factual basis for the opinion. . . . [T]he facts upon which an expert's opinion is based are an important consideration in determining the admissibility of his [or her] opinion." [Citation omitted; internal quotation marks omitted.]).

The decision of the board is affirmed.

In this opinion the other justices concurred.