## RICHARD LaVOGUE *v.* CINCINNATI, INC., ET AL.
### (5100)

DUPONT, C. J., BORDEN and DALY, Js.

Argued September 16—decision released October 21, 1986

*Richard S. Bartlett,* with whom, on the brief, was *Jonathan F. Reik,* for the appellants (defendants).

*Barry J. Waters,* for the appellee (plaintiff).

PER CURIAM. The sole issue of this appeal is whether General Statutes § 31-297 (b)[1] precludes the defendant employer from attacking subject matter jurisdiction of the state of Connecticut over the plaintiff employee's claim for workers' compensation benefits. The plaintiff was injured during the course of his employment and he sent a written notice of a claim for Connecticut workers' compensation benefits to the defendant at the defendant's regional office in Massachusetts and at its

---

[1] General Statutes § 31-297 (b) provides: "Whenever liability to pay compensation is contested by the employer, he shall file with the compensation commissioner, on or before the twentieth day after he has received a written notice of claim, a notice in accord with a form prescribed by the commissioners stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and the specific grounds on which the right to compensation is contested, and a copy thereof shall be sent to the employee. If the employer or his legal representative fails to file the notice contesting liability within the time prescribed herein, the employer shall be conclusively presumed to have accepted the compensability of such alleged injury or death and shall have no right thereafter to contest the employee's right to receive compensation on any grounds or the extent of his disability."

home office in Ohio. The defendant did not file a notice to contest liability pursuant to General Statutes § 31-297 (b).

The plaintiff sustained a 100 percent loss to an eye while working in Rhode Island for the defendant, an Ohio corporation. The plaintiff lived in Connecticut at the request of the defendant, and maintained an office for the defendant in his home for which he was paid by the defendant at the time of his injury. The regional office of the defendant was located in Massachusetts and the plaintiff was frequently assigned by it to work in Connecticut, Massachusetts, Rhode Island and New York, and occasionally in other states. The amount of compensation benefits in Connecticut is considerably greater than those available under Massachusetts law, the law pursuant to which the plaintiff has been receiving benefits.[2] The defendant does not contest compensability or liability but claims that Connecticut does not have jurisdiction and that, therefore, the plaintiff is not entitled to benefits pursuant to its workers' compensation schedule, but only to the benefits payable under the Massachusetts schedule. Its claim is that its failure to file a notice to contest pursuant to General Statutes § 31-297 (b) does not prevent it from attacking the jurisdiction of the Connecticut workers' compensation commission over the plaintiff's claim.

The workers' compensation commissioner determined that the plaintiff's motion to preclude the defendant from contesting liability pursuant to General Statutes § 31-297 (b) should be denied and that the claim of the plaintiff should be dismissed. The plaintiff appealed from the commissioner's decision to the compensation review division which ruled that the plaintiff's motion to preclude should have been granted.

[2] The plaintiff does not seek duplicate benefits but seeks the difference between the higher benefits available under Connecticut law and those benefits available under Massachusetts law.

Although the review division determined that the defendant had conceded both compensability and jurisdiction when it failed to contest the plaintiff's initial claim, it also went on to conclude that the plaintiff's contacts with Connecticut were sufficient to give Connecticut jurisdiction over the plaintiff's employment relationship with the defendant.

We hold that *Bush* v. *Quality Bakers of America,* 2 Conn. App. 363, 372–74, 479 A.2d 820, cert. denied, 194 Conn. 804, 482 A.2d 709 (1984), is dispositive of this appeal. It is, therefore, unnecessary for us to reach the issue of whether Connecticut had jurisdiction over the employment relationship based on the facts of this case. Compensability and jurisdiction to adjudicate the plaintiff's claim were conceded when the defendant failed to contest the initial claim of the plaintiff. Id., 373. If an employer fails to file a notice contesting liability, the employer shall be conclusively presumed to have accepted the compensability of the employee's injury "and shall have no right thereafter to contest the employee's right to receive compensation *on any grounds* . . . ." (Emphasis added.) General Statutes § 31-297 (b).

There is no error.