ELIZABETH YUKNAT *v.* STATE OF CONNECTICUT
(5042)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Submitted on briefs December 5, 1986—decision released January 6, 1987

*Joseph I. Lieberman,* attorney general, *Robert E. Walsh, Robert W. Murphy* and *Robert L. Festa,* assistant attorneys general, filed a brief for the appellant (state).

*David J. Morrissey* filed a brief for the appellee (plaintiff).

PER CURIAM. The primary issue of this appeal is whether the workers' compensation review board was correct in affirming the decision of the compensation commissioner granting the plaintiff's motion to preclude defenses. The plaintiff is the wife of a deceased employee of the defendant. The commissioner found that the plaintiff had given proper notice of her claim pursuant to General Statutes § 31-294.[1] Although the defendant claims that the notice given by the plaintiff was insufficient, a review of the documents and the letters sent by the plaintiff to the defendant and the com-

---

[1] General Statutes § 31-294 provides in pertinent part: "No proceedings for compensation . . . shall be maintained unless a written notice of claim for compensation is given . . . . Such notice may be given to the employer or the commissioner and shall state, in simple language, the date and place of the accident and the nature of the injury resulting therefrom, or the date of the first manifestation of a symptom of the occupational disease and the nature of such disease, as the case may be, and the name and address of the employee and of the person in whose interest compensation is claimed."

missioner indicates that adequate statutory notice was given. The defendant failed to file a notice to contest the claim of the plaintiff within twenty days as required by General Statutes § 31-297 (b).[2] The defendant has appealed from the decision of the board.

Since the defendant did not comply with General Statutes § 31-297 (b), compensability of the claim was conceded. *LaVogue* v. *Cincinnati, Inc.,* 9 Conn. App. 91, 93, 516 A.2d (1986); *Bush* v. *Quality Bakers of America,* 2 Conn. App. 363, 372–74, 479 A.2d 820, cert. denied, 194 Conn. 804, 482 A.2d 709 (1984). The plaintiff's motion to preclude defenses was, therefore, properly granted.

There is no error.

---

[2] General Statutes § 31-297 (b) provides: "Whenever liability to pay compensation is contested by the employer, he shall file with the compensation commissioner, on or before the twentieth day after he has received a written notice of claim, a notice in accord with a form prescribed by the commissioners stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and the specific grounds on which the right to compensation is contested, and a copy thereof shall be sent to the employee. If the employer or his legal representative fails to file the notice contesting liability within the time prescribed herein the employer shall be conclusively presumed to have accepted the compensability of such alleged injury or death and shall have no right thereafter to contest the employee's right to receive compensation on any grounds or the extent of his disability."