REYNOLD PELLETIER *v.* CARON
PIPE JACKING, INC., ET AL.
(5755)

DUPONT, C. J., BORDEN and BIELUCH, Js.

Submitted on briefs November 13, 1987—decision released January 19, 1988

*P. Bryden Manning* filed a brief for the appellants (defendants).

*William F. Gallagher* filed a brief for the appellee (plaintiff).

BORDEN, J. The dispositive issue of this appeal is whether the timely filing of a notice of a claim for workers' compensation benefits pursuant to General Statutes § 31-294 is a precondition to the statutory preclusion from contesting liability provided by General Statutes § 31-297 (b). We hold that it is.

The facts are undisputed. On September 8, 1975, the plaintiff was employed by the named defendant, Caron Pipe Jacking, Inc., of which the codefendant, Travelers Insurance Company, was the workers' compensation insurance carrier. On or about December 19, 1983, the plaintiff gave his employer and the workers' compensation commissioner written notice of a claim for compensation based on an alleged work-related heart attack that occurred on September 8, 1975, and its after-effects, and on a subsequent bypass operation that he underwent on September 30, 1983. On October 29, 1984, the defendants filed a notice of contest of liability with the compensation commissioner. The plaintiff's notice of claim complied with General Statutes § 31-294, except for its untimeliness. The defendants' notice to contest liability also complied with General Statutes § 31-297 (b), except for its untimeliness.

The plaintiff moved, pursuant to General Statutes § 31-297 (b), to preclude the defendants from contesting liability because they had not filed a notice to contest liability within twenty days from their receipt of the plaintiff's notice of claim. The commissioner

granted the plaintiff's motion to preclude. The defendants appealed to the compensation review division. The review division affirmed the commissioner's decision and dismissed the appeal, relying on our decisions in *LaVogue* v. *Cincinnati, Inc.,* 9 Conn. App. 91, 516 A.2d 151, cert. denied, 201 Conn. 814, 518 A.2d 72 (1986), and *Bush* v. *Quality Bakers of America,* 2 Conn. App. 363, 479 A.2d 820, cert. denied, 194 Conn. 804, 482 A.2d 709 (1984). The defendants appealed to this court.

The defendants claim that the review division erred because *LaVogue* and *Bush* do not control this case, and because an employer's preclusion from contesting liability pursuant to § 31-297 (b) only arises upon the timely giving of a written notice of claim for compensation by the employee pursuant to § 31-294. We agree.

Section § 31-294 provides in pertinent part: "No proceedings for [workers'] compensation . . . shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident . . . ." Section § 31-297 (b) provides in pertinent part: "Whenever liability to pay compensation is contested by the employer, he shall file with the compensation commissioner, on or before the twentieth day after he has received a written notice of claim, a notice . . . stating [inter alia] that the right to compensation is contested . . . and the specific grounds on which the right to compensate is contested, and a copy thereof shall be sent to the employee. If the employer . . . fails to file the notice contesting liability within the time prescribed herein, the employer shall be conclusively presumed to have accepted the compensability of such alleged injury . . . and shall have no right thereafter to contest the employee's right to receive compensation on any grounds or the extent of his disability."

We have had three occasions to consider the effect of the preclusion provision of § 31-297 (b). In *Bush* v.

*Quality Bakers of America,* supra, 373–74, we held that an employer's failure to file a timely notice of contest precluded the employer from contesting the issue of whether the death of the claimant's decedent was work related. In *LaVogue* v. *Cincinnati, Inc.,* supra, 93, we held that the employer's failure to file a timely notice of contest precluded it from contesting the issue of whether the employee's contacts with Connecticut were sufficient to give Connecticut jurisdiction over his employment relationship with the out-of-state employer. In *Yuknat* v. *State,* 9 Conn. App. 425, 426, 519 A.2d 622 (1987), we held that where the employee gave the employer an "adequate statutory notice," the employer was precluded from contesting liability.

None of these decisions, however, addressed the precise issue raised by the defendants in this case, namely, whether an untimely notice of claim by an employee triggers the preclusion provision of § 31-297 (b). In none of those decisions was the employee's notice of claim untimely. Furthermore, an examination of the decisions of our Supreme Court construing § 31-297 (b) discloses that none of them addresses the specific issue of the timeliness of the employee's notice of claim. See *Adzima* v. *UAC/Norden Division,* 177 Conn. 107, 411 A.2d 924 (1979); *Menzies* v. *Fisher,* 165 Conn. 338, 334 A.2d 452 (1973); see also *Balkus* v. *Terry Steam Turbine Co.,* 167 Conn. 170, 178 n.7, 355 A.2d 227 (1974). An analysis of the relationship between §§ 31-297 (b) and 31-294, and of the purposes of § 31-297 (b), leads us to conclude that *Bush, LaVogue* and *Yuknat* do not control this case, and that a timely notice pursuant to § 31-294 is a necessary prerequisite to the preclusion provision of § 31-297 (b).

Section § 31-294 requires an employee to give "a written notice of claim for compensation . . . within one year from the date of the accident . . . . " Section § 31-297 (b) requires an employer to file a dis-

claimer "on or before the twentieth day after he has received a written notice of claim . . . ." Although the phrase, "written notice of claim," in § 31-297 (b) does not specifically refer to the phrase, "written notice of claim for compensation," in § 31-294, it is clear that both statutory sections refer to the same notice. When two such sections are part of the same legislation and refer to the same conduct, they should be read so as to harmonize with each other. *Shelby Mutual Ins. Co.* v. *Della Ghelfa,* 3 Conn. App. 432, 438, 489 A.2d 398 (1985), aff'd, 200 Conn. App. 630, 513 A.2d 52 (1986). Although § 31-297 (b) does not specifically refer to the timeliness of the written notice required pursuant to § 31-294, the relationship between the two sections strongly suggests that § 31-297 (b) contemplates a timely notice given pursuant to § 31-294.

The purposes of the preclusion provision of § 31-297 (b) solidly buttress this suggestion. Those purposes are "to ensure (1) that employers would bear the burden of investigating a claim promptly and (2) that employees would be timely apprised of the specific reasons for the denial of their claim. These effects would, in turn, diminish delays in the proceedings, discourage arbitrary refusal of bona fide claims and narrow the legal issues which were to be contested." *Menzies* v. *Fisher,* supra, 343. Section § 31-297 (b) also requires that the employer's notice of contest state "the specific grounds on which the right to compensation is contested . . . . " "The point of this criterion is to inform the claimant of the deficiencies of his claim after the defending party has had an opportunity to make a thorough investigation." *Menzies* v. *Fisher,* supra, 345. The employee's notice triggers the obligation of the employer "to investigate the claim forthwith and either to concede its compensability or to reveal concrete reasons for contesting that claim. This rule is equitable

because employers and insurers have the necessary resources to fulfill its mandate, whereas the claimant often receives no more assistance than that furnished by the commissioner in filing his claim." Id., 345–46. Therefore, "[i]t is not unjust to require a defending employer or insurance carrier to investigate the case seasonably and to cause a responsive answer to be filed." Id., 348.

It is clear from this discussion of § 31-297 (b) that a principal purpose of the preclusion provision is to require a prompt and thorough investigation of the employee's claim so as to yield a specific disclaimer of liability, if any, and so as to avoid unnecessary delay in the adjudication of the claim by the compensation commissioner. The statutory scheme contemplates, therefore, that the employer will have, upon receipt of the claim, the opportunity for such an investigation. Unless the claim itself was presented in a timely fashion the employer is deprived of that opportunity. A statute must be construed by reference to its history and purpose. See *Shelby Mutual Ins. Co.* v. *Della Ghelfa,* supra, 437–38. The history and purpose of § 31-297 (b) compel the conclusion that the timeliness of the employee's claim is essential to the operation of the preclusion provision.

Indeed, the facts of this case vividly demonstrate the necessity for this conclusion. The plaintiff gave written notice in 1983 of an alleged work-related heart attack eight years earlier in 1975, followed by heart surgery in 1983. We can hardly say that an employer and insurer in the defendants' positions would within twenty days likely be able to investigate such a late claim thoroughly and respond to it with specificity.

There is error, the order of the compensation review division dismissing the defendants' appeal is set aside, and the case is remanded to the compensation review

division with direction to sustain the defendants' appeal and to deny the plaintiff's motion to preclude.

In this opinion the other judges concurred.