******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOSEPH DOMINGUEZ *v.* NEW YORK
SPORTS CLUB ET AL.
(AC 42089)

Alvord, Elgo and Eveleigh, Js.

*Syllabus*

The defendant employer and its workers' compensation insurer appealed
to this court from the decision of the Compensation Review Board,
which reversed in part the decision of the Workers' Compensation Com-
missioner granting in part the plaintiff employee's motion to preclude the
defendants from contesting the compensability of his injuries pursuant
to statute (§ 31-294c (b)). The defendants did not file a form 43 to contest
liability for the plaintiff's injuries within the twenty-eight day time period
mandated by § 31-294c (b) but, rather, filed that form seventy-five days
after they received the plaintiff's form 30C notice of claim. The defen-
dants' form 43 stated that no medical records supporting the plaintiff's
claim and no request for medical or indemnity benefits had been pre-
sented to them. The commissioner determined that, because the defen-
dants had not timely filed a form 43, they were precluded from contesting
the compensability of the plaintiff's claim but that, under the limited
exception to the preclusion provision of § 31-294c (b) articulated in
*Dubrosky* v. *Boehringer Ingelheim Corp.* (145 Conn. App. 261), the
defendants could contest the extent of the plaintiff's injuries due to
their inability to pay indemnity benefits or medical payments within the
twenty-eight day time period mandated by § 31-294c (b). The board
reversed the commissioner's decision in part, concluding that the com-
missioner improperly applied the *Dubrosky* exception to the preclusion
provision of § 31-294c (b) and directed that the defendants were to be
precluded from presenting a defense to the plaintiff's claim for benefits.
On appeal, the defendants claimed that it had been impossible to comply
with the mandate of § 31-294c (b) that they commence payment to the
plaintiff on or before the twenty-eighth day after receiving written notice
of his claim because he failed to furnish them with medical bills or a
separate request for payment within that twenty-eight day period. *Held*:

1. The defendants could not prevail on their claim that the board improperly
precluded them from contesting the extent of the plaintiff's injuries:
because the plaintiff complied with the notice of claim requirements in
§ 31-294c (a) and the defendants did not file a responsive answer of any
kind within the twenty-eight day period mandated by § 31-294c (b) to
indicate their intention to contest liability or to commence payment,
the conclusive presumption of compensability in § 31-294c (b) barred
them from contesting the extent of the plaintiff's disability or his right
to receive compensation, and this court concluded that, although the
mechanics of the commence payment predicate in § 31-294c (b) were
ambiguous, the initial burden with respect to the commence payment
predicate rested with the employer, which was consistent with the
legislative policies and purposes embodied in § 31-294c (b), the broad
remedial purposes of the Workers' Compensation Act (§ 31-275 et seq.)
and the statutory (§ 31-294d) requirement of an immediate response
from employers with respect to medical expenses, and the placing of
the initial burden on the employer comported with a primary purpose
of § 31-294c (b), which is to keep the process of initiating a claim for
compensation simple and accessible for laypersons, as § 31-294c (b)
does not require the claimant to furnish medical bills or a separate
request for payment within twenty-eight days after commencing a claim;
furthermore, it was entirely consonant with the legislative history and
policies embodied in § 31-294c (b) that an employer be required to
provide notice to a claimant within the twenty-eight day period when
the employer seeks to avail itself of the one year safe harbor provision
in § 31-294c (b) that permits an employer to make payments on a claim
instead of filing a notice that it is contesting the claim.

2. This court declined to extend the limited exception in *Dubrosky* to the
preclusion provision of § 31-294c (b) in situations in which employers
dispute liability and the extent of a claimant's injuries, and fail to make

payments for a claimant's medical care; the defendants did not accept liability for the plaintiff's injuries or make any payments for his medical care, and the complex nature of the workers' compensation scheme required that policy determinations and the creation of exceptions to § 31-294c (b) be left to the legislature.

Argued January 13—officially released July 14, 2020

*Procedural History*

Appeal from the decision of the Workers' Compensation Commissioner for the Seventh District granting in part the plaintiff's motion to preclude the defendants from contesting liability as to his claim for certain workers' compensation benefits, brought to the Compensation Review Board, which reversed the commissioner's decision in part, and the defendants appealed to this court; thereafter, Walter Dominguez, administrator of the plaintiff's estate, was substituted as the plaintiff. *Affirmed.*

*James T. Baldwin*, for the appellants (defendants).

*John J. Morgan*, for the appellee (substitute plaintiff).

*Opinion*

ELGO, J. This case concerns the mandate of General Statutes § 31-294c (b), which obligates an employer presented with proper notice of a workers' compensation claim to respond within twenty-eight days by either filing a notice contesting liability or commencing payment on the claim. The employer in the present case did neither, which led the Compensation Review Board (board) to conclude that the employer was precluded under § 31-294c (b) from contesting both liability for, and the extent of, injuries allegedly sustained by the plaintiff, Joseph Dominguez.[1] On appeal, the defendant New York Sports Club[2] asks us to extend the narrow exception to the preclusion provision of § 31-294c (b) recognized by this court in *Dubrosky* v. *Boehringer Ingelheim Corp.*, 145 Conn. App. 261, 76 A.3d 657, cert. denied, 310 Conn. 935, 78 A.3d 859 (2013), to cases in which an employer (1) provides no response to a properly filed claim for compensation within the twenty-eight day statutory period, (2) makes no payments on the claim, (3) files an untimely notice contesting liability for the claimant's injuries, and (4) alleges in subsequent administrative proceedings before the Workers' Compensation Commission that it was impossible to commence payment due to the claimant's failure to submit medical bills within the twenty-eight day statutory period. We decline to do so and, accordingly, affirm the decision of the board.

The relevant facts were stipulated to by the parties and are not in dispute. On June 29, 2016, the plaintiff completed a form 30C,[3] in which he sought compensation for the exacerbation of a preexisting injury to his upper left extremity. The plaintiff allegedly sustained that exacerbation in the course of his employment with the defendant "while moving equipment or other items in the [defendant's] gym" on March 24, 2016. The Workers' Compensation Commission received the plaintiff's notice of that claim for compensation on July 5, 2016; the defendant received it on July 6, 2016. Over the next seven weeks, the defendant did not file any response to that notice.

On August 26, 2016, the plaintiff filed a motion, pursuant to § 31-294c (b), to preclude the defendant from "contesting [his] right to receive compensation on any ground" due to its failure "to file a timely response to [his] form 30C." It is undisputed that the defendant did not file a form 43[4] or provide any other response within the twenty-eight day time period mandated by § 31-294c (b). It also is undisputed that the defendant made no payments on the claim and that the plaintiff's medical bills were processed through his group medical insurance.[5]

The defendant filed a belated form 43 with the Workers' Compensation Commission on September 19,

2016—seventy-five days after receiving the plaintiff's form 30C. In the portion of the form titled "Reason(s) for Contest," the defendant stated: "Alleged injury did not arise out of or in the course of employment; no medical records supporting compensability presented to employer and no request for medical or indemnity benefits presented to employer for payment to date."

A formal hearing was held before the Workers' Compensation Commissioner (commissioner) on February 6, 2017, at which the sole issue was whether to grant the plaintiff's motion to preclude. In her subsequent decision, the commissioner found that the defendant had not filed a timely form 43 within the twenty-eight day period of § 31-294c (b). At the same time, the commissioner found that the plaintiff had "presented no medical bills, nor did he request payments for indemnity benefits within the twenty-eight (28) day period, thereby preventing the [defendant] from complying with [that statute]." The commissioner then concluded that the exception to the preclusion provision of § 31-294c (b) articulated by this court in *Dubrosky* v. *Boehringer Ingelheim Corp.*, supra, 145 Conn. App. 261, "applies to this situation" despite the fact that *Dubrosky* "deals with an accepted work injury, and this claim deals with a wholly denied injury . . . ." The commissioner reasoned that the defendant's form 43 "was filed too late to contest the compensability of the [plaintiff's] claim, but due to its inability to pay indemnity benefits or medical payments, the [defendant's] form 43 is not too late to contest the extent of disability . . . ." The commissioner thus granted the motion to preclude in part and ordered that the defendant "must accept the underlying injury but may contest its extent."

The plaintiff filed a petition for review with the board, claiming that the commissioner had improperly applied the *Dubrosky* exception. The board agreed, emphasizing that, unlike the defendant employer in *Dubrosky*, the defendant here contested its liability for the injury in question.[6] Concluding that "the present matter is distinguishable from *Dubrosky*," the board unanimously reversed the decision of the commissioner in part and directed "that the [defendant] be precluded from presenting a defense in this matter."[7] From that decision, the defendant now appeals.

As a preliminary matter, we note certain well established precepts that govern our review. The workers' compensation system in this state "is derived exclusively from statute"; *Wiblyi* v. *McDonald's Corp.*, 168 Conn. App. 92, 104, 144 A.3d 530 (2016); and is codified in the Workers' Compensation Act (act), General Statutes § 31-275 et seq. "The purpose of the [act] is to compensate the worker for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability on the employer . . . . [The act] compromise[s] an employee's right to

a [common-law] tort action for [work-related] injuries in return for relatively quick and certain compensation. . . . The act indisputably is a remedial statute that should be construed generously to accomplish its purpose." (Internal quotation marks omitted.) *Gill* v. *Brescome Barton, Inc.*, 142 Conn. App. 279, 298, 68 A.3d 88 (2013), aff'd, 317 Conn. 33, 114 A.3d 1210 (2015). For that reason, when interpreting its provisions, "we must resolve statutory ambiguities or lacunae in a manner that will further the remedial purpose of the act." *Doe* v. *Stamford*, 241 Conn. 692, 698, 699 A.2d 52 (1997); see also *Lucenti* v. *Laviero*, 327 Conn. 764, 774, 176 A.3d 1 (2018) ("[t]he act is to be broadly construed to effectuate the purpose of providing compensation for an injury arising out of and in the course of the employment regardless of fault" (internal quotation marks omitted)).

This appeal does not involve any dispute as to the underlying facts found by the commissioner. Rather, it concerns the proper interpretation of § 31-294c (b) and the proper application of established precedent. Our review over those questions of law is plenary. See *Jones* v. *Redding*, 296 Conn. 352, 364, 995 A.2d 51 (2010); *Russell* v. *Mystic Seaport Museum, Inc.*, 252 Conn. 596, 604, 748 A.2d 278 (2000).

I

On appeal, the defendant claims that the board improperly determined that the defendant was precluded from contesting the extent of the plaintiff's injuries.[8] It argues that the plaintiff's failure to submit medical bills or a request for payment to the defendant within the twenty-eight day statutory period rendered it impossible for the defendant to comply with the predicates of § 31-294c (b). In response, the plaintiff contends that an employer that fails to respond in any manner to a notice of claim for compensation within that statutory period, and then later files a notice that it is contesting liability, is subject to the preclusion provision of § 31-294c (b).

In resolving that issue of statutory construction, we are mindful that "[w]hen interpreting a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. General Statutes § 1-2z. . . . However, [w]hen a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to

existing legislation and [common-law] principles governing the same general subject matter. . . . A statute is ambiguous if, when read in context, it is susceptible to more than one reasonable interpretation." (Internal quotation marks omitted.) *Ferraro* v. *Ridgefield European Motors, Inc.*, 313 Conn. 735, 747–48, 99 A.3d 1114 (2014).

As its title indicates, § 31-294c sets forth the statutory requirements for both notices of claims for compensation filed by employees; see General Statutes § 31-294c (a); and notices contesting liability filed by employers. See General Statutes § 31-294c (b). It is undisputed that the plaintiff properly filed a notice of his claim for compensation pursuant to § 31-294c (a). Accordingly, the issue in the present case is the defendant's compliance with § 31-294c (b).

We begin with the language of the statute in question. Section 31-294c (b) contains several related provisions that govern an employer's obligation to respond to a properly filed notice of claim for compensation. It provides in relevant part: "Whenever liability to pay compensation is contested by the employer, he shall file with the commissioner, on or before the twenty-eighth day after he has received a written notice of claim,[9] a notice in accord with a form prescribed by the chairman of the Workers' Compensation Commission stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and the specific grounds on which the right to compensation is contested. The employer shall send a copy of the notice to the employee in accordance with section 31-321. If the employer . . . fails to file the notice contesting liability on or before the twenty-eighth day after he has received the written notice of claim, the employer shall commence payment of compensation for such injury or death on or before the twenty-eighth day after he has received the written notice of claim, but the employer may contest the employee's right to receive compensation on any grounds or the extent of his disability within one year from the receipt of the written notice of claim, provided the employer shall not be required to commence payment of compensation when the written notice of claim has not been properly served in accordance with section 31-321 or when the written notice of claim fails to include a warning that (1) the employer, if he has commenced payment for the alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim, shall be precluded from contesting liability unless a notice contesting liability is filed within one year from the receipt of the written notice of claim, and (2) the employer shall be conclusively presumed to have accepted the compensability of the alleged injury or death unless the employer either files a notice contesting liability on or before the twenty-eighth day after receiving a written notice of claim or commences

payment for the alleged injury or death on or before such twenty-eighth day. An employer shall be entitled, if he prevails, to reimbursement from the claimant of any compensation paid by the employer on and after the date the commissioner receives written notice from the employer . . . in accordance with the form prescribed by the chairman of the Workers' Compensation Commission, stating that the right to compensation is contested. Notwithstanding the provisions of this subsection, an employer who fails to contest liability for an alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim and who fails to commence payment for the alleged injury or death on or before such twenty-eighth day, shall be conclusively presumed to have accepted the compensability of the alleged injury or death. . . ." (Footnote added.) General Statutes § 31-294c (b).

It is well established that, "in interpreting [statutory language], we do not write on a clean slate, but are bound by . . . previous judicial interpretations of this language and the purpose of the statute." *New England Road, Inc.* v. *Planning & Zoning Commission*, 308 Conn. 180, 186, 61 A.3d 505 (2013). On several occasions, the appellate courts of this state have construed the various provisions of § 31-294c (b). That precedent informs our analysis of the defendant's claim.

In the seminal case of *Harpaz* v. *Laidlaw Transit, Inc.*, 286 Conn. 102, 942 A.2d 396 (2008), our Supreme Court detailed the contours of the preclusion scheme contained in § 31-294c (b). It stated: "The first two sentences of § 31-294c (b) address the procedure that an employer must follow if it wants to 'contest liability to pay compensation . . . .' The statute prescribes therein that, within twenty-eight days of receiving a notice of claim, the employer must file a notice stating that it contests the claimant's right to compensation and setting forth the specific ground on which compensation is contested. The third sentence: (1) provides that an employer who fails to file a timely notice contesting liability must commence payment of compensation for the alleged injury within that same twenty-eight day period; and (2) grants the employer who timely commences payment a one year period in which to 'contest the employee's right to receive compensation on any grounds *or the extent of his disability*'; but (3) relieves the employer of the obligation to commence payment within the twenty-eight day period if the notice of claim does not, inter alia, include a warning that 'the employer shall be conclusively presumed to have accepted the compensability of the alleged injury or death unless the employer either files a notice contesting liability on or before the twenty-eighth day after receiving a written notice of claim or commences payment for the alleged injury or death on or before such twenty-eighth day.' . . . General Statutes § 31-294c (b). The fourth sentence provides for reimbursement to an employer who

timely pays and thereafter prevails in contesting compensability. Finally, the fifth sentence sets forth the consequences to an employer who neither timely pays nor timely contests liability: 'Notwithstanding the provisions of this subsection, an employer who fails to contest liability for an alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim and who fails to commence payment for the alleged injury or death on or before such twenty-eighth day, *shall be conclusively presumed to have accepted the compensability of the alleged injury or death.*' . . . General Statutes § 31-294c (b)." (Emphasis in original.) *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 110–11. The court characterized that preclusion provision as a "conclusive presumption . . . ." Id., 105; see also *Donahue* v. *Veridiem, Inc.*, 291 Conn. 537, 548, 970 A.2d 630 (2009) (noting that court previously had "referred to [§ 31-294c (b)], or its predecessor, as setting forth a conclusive presumption" and explaining that "a conclusive or irrebuttable presumption is [one] that cannot be overcome by any additional evidence or argument" (emphasis omitted; internal quotation marks omitted)).

The issue presented in *Harpaz* was "whether an employer that is deemed 'conclusively presumed to have accepted the compensability of the alleged injury' under . . . § 31-294c (b) because of its failure to contest liability or commence payment of compensation within the time period prescribed is permitted to contest the extent of the claimant's disability from that alleged injury." (Footnote omitted.) *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 286 Conn. 104–105. After examining the language of § 31-294c (b), the court concluded that it "[did] not yield a plain meaning" as to that issue. Id., 111. The court thus undertook an exhaustive examination of "the genealogy and legislative history of § 31-294c (b)" to resolve that issue. Id., 112. In light of that history, the court concluded that "under § 31-294c (b), if an employer neither timely pays nor timely contests liability, the conclusive presumption of compensability attaches and the employer is barred from contesting the employee's right to receive compensation on any ground or the extent of the employee's disability."[10] Id., 130. This court likewise has explained that a motion to preclude predicated on noncompliance with those statutory requirements is "a statutorily created waiver mechanism that, following an employer's failure to comply with the requirement of § 31-294c (b), bars that employer from contesting the compensability of its employee's claimed injury or the extent of the employee's resulting disability." *Wiblyi* v. *McDonald's Corp.*, supra, 168 Conn. App. 105.

In *Donahue* v. *Veridiem, Inc.*, supra, 291 Conn. 545, our Supreme Court described the requirement that an employer either file a notice contesting liability or commence payment on the claim within the twenty-eight day statutory period as *predicates* to the employer's

ability to challenge "both the compensability of the injury and the extent of disability."[11] In the present case, it is undisputed that the defendant failed to comply with the first predicate, as it did not file a timely notice that it was contesting liability. The issue here is the defendant's compliance with the second predicate, which requires it to "commence payment of compensation for such injury or death on or before the twenty-eighth day after he has received the written notice of claim . . . ." General Statutes § 31-294c (b).

Our Supreme Court previously has determined that § 31-294c (b) is ambiguous in other contexts.[12] See *Donahue* v. *Veridiem, Inc.*, supra, 291 Conn. 547–48 (§ 31-294c (b) is not plain and unambiguous on issue of employer's role once preclusion has been granted); *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 286 Conn. 111 (§ 31-294c (b) does not yield plain meaning on issue of preclusion). We similarly conclude that § 31-294c (b) is ambiguous as applied to the present case.

"The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Internal quotation marks omitted.) *Sena* v. *American Medical Response of Connecticut, Inc.*, 333 Conn. 30, 46, 213 A.3d 1110 (2019). Because § 31-294c (b) obligates an employer to "commence payment of compensation for such injury or death on or before the twenty-eighth day after he has received the written notice of claim," the defendant argues that, under a literal reading of the statutory language, an employer cannot comply with that statutory imperative unless a claimant has furnished medical bills or a separate request for payment within the twenty-eight day statutory period. The defendant claims that the plaintiff's failure to do so prevented it from "commencing payment" as required by § 31-294c (b).

The plaintiff, by contrast, contends that the inherent nature of the form 30C itself, which is the vehicle by which a claimant provides notice of a claim for compensation, communicated to the defendant that he was seeking payment of benefits due under the act, including medical expenses.[13] The plaintiff thus argues that § 31-294c (b) requires an employer seeking to invoke its one year safe harbor provision to provide notice to the claimant within the twenty-eight day statutory period of its intent to commence payment of compensation on the claim in order to preserve its rights under § 31-294c (b). Because he properly filed a notice of his claim for compensation in accordance with § 31-294c (a), the plaintiff submits that the defendant was required to file a response within the statutory period notifying him of its intention to either (1) contest liability or (2) commence payments on the claim.

We conclude that both interpretations of § 31-294c (b) are plausible, rendering the language in question ambiguous. See, e.g., *Williams* v. *New Haven*, 329 Conn.

366, 379, 186 A.3d 1158 (2018). It therefore is necessary to consider the legislative history of § 31-294c to resolve the issue presented in this appeal. That history has been the subject of much scrutiny by our courts.

The notice of claim requirements of § 31-294c date back to the initial adoption of the act in 1913. *Russell* v. *Mystic Seaport Museum, Inc.*, supra, 252 Conn. 608. The preclusion provision contained in § 31-294c (b) originated in Public Acts 1967, No. 842, § 7. See *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 286 Conn. 113. In reviewing the legislative history of that enactment, our Supreme Court stated: "Among the defects in previous provisions of the act were the needless, prejudicial delays in the proceedings before the commissioners, delays by employers or insurers in the payment of benefits, lack of knowledge on the part of employees that they were entitled to benefits and the general inequality of resources available to claimants with bona fide claims." *Menzies* v. *Fisher*, 165 Conn. 338, 342, 334 A.2d 452 (1973). The court further observed that "[t]he object which the legislature sought to accomplish is plain. [The precursor to § 31-294c (b)] was amended to ensure (1) that employers would bear the burden of investigating a claim promptly and (2) that employees would be timely apprised of the specific reasons for the denial of their claim. These effect[s] would, in turn, diminish delays in the proceedings, discourage arbitrary refusal of bona fide claims and narrow the legal issues which were to be contested." Id., 343. The 1967 amendment "embodies the recognition that it is within the employer's power to supply the answers to such questions in a simple, forthright manner prior to a hearing. . . . [The procedure contained in § 31-294c (b) is] designed to facilitate a speedy, efficient and inexpensive disposition and to reduce the necessity of legal counsel for the claimant." Id., 345–46. As a result of the 1967 amendment, "an employer could contest the claim [for compensation] from the outset or could contest the extent of disability if it timely paid all the benefits due under the initial claim." *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 286 Conn. 116.

The legislature further revised § 31-294c (b) in 1990. See Public Acts 1990, No. 90-116, § 9. That public act was "the genesis of the notice requirement in the third sentence of the current [revision] of § 31-294c (b), under which an employer is relieved of the obligation to commence payment within the twenty-eight day period if the notice of claim is similarly deficient." *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 286 Conn. 118. At the same time, the 1990 amendment "simply added a notice requirement regarding the conclusive presumption, leaving intact the existing conclusive presumption and its attendant effects . . . ." Id., 119.

In 1993, the General Assembly "undertook comprehensive reforms to the . . . [a]ct." Id., 120. Number 93-

228, § 8, of the 1993 Public Acts "added the final sentence [to § 31-294c (b)] prescribing the conclusive presumption to address problems that arose as a result of language that appeared to extend the one year period to contest liability—either the right to compensation on any ground or the extent of disability—not only to employers who timely had commenced payment, but also to employers who had failed to comply with the statutory mandates. The legislature's responsive, contemporaneous action strongly suggests that it specifically intended the final sentence of § 31-294c (b) to distinguish between the rights of an employer who timely commenced payment of compensation and the rights of an employer who neither timely paid nor timely contested liability—the former being permitted to contest both the employee's right to compensation on any ground and the extent of his disability for one year from notice of the claim, and the latter being precluded from asserting such defenses altogether upon the employer's failure to comply with the twenty-eight day period to respond to the notice of claim." *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 126–27. The 1993 amendment to § 31-294c (b) thus "changed the status quo for employers who timely had paid compensation, but would have retained the status quo for employers who had not paid timely."[14] Id., 127.

At the same time, the legislative history of the 1993 amendment sheds little light on the precise question before us, which concerns the mechanics of the "commence payment" predicate of § 31-294c (b). The present scenario is one in which (1) an employee properly filed a notice of claim for compensation but did not submit medical bills or a separate request for payment in the ensuing twenty-eight days, and (2) the employer did not file a timely notice indicating its intent to (a) contest liability or (b) commence payment pursuant to the one year safe harbor provision. Distilled to its essence, the question is whether the initial burden with respect to the "commence payment" predicate belongs to the employee or the employer. In light of the legislative policies and purposes embodied in § 31-294c, as reflected in both its legislative history and the established precedent of this state, we conclude that the initial burden rests with the employer.

The preclusion provision of § 31-294c (b) originated in the 1967 amendment to the act. See *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 286 Conn. 113. As our Supreme Court explained, a principal "[defect] in previous provisions of the act" was the "lack of knowledge on the part of employees that they were entitled to benefits . . . ." *Menzies* v. *Fisher*, supra, 165 Conn. 342. The 1967 amendment thus was enacted to require "*initial affirmative acts from an employer* beyond those normally incident to a court proceeding." (Emphasis added.) Id., 345. As Representative Paul Pawlak, Sr., remarked, pursuant to the 1967 amendment, "employ-

ers will now have to investigate claims promptly and act quickly . . . ." 12 H.R. Proc., Pt. 9, 1967 Sess., p. 4036; see also *Menzies* v. *Fisher*, supra, 343 (noting that purpose of 1967 amendment was to ensure that employers "would bear the burden" of investigating claim and responding promptly to claimant). For that reason, our Supreme Court has held that "[t]he duty to comply with [§ 31-294c (b)] rests on the employer. . . . It is not unjust to require a defending employer or insurance carrier to investigate the case seasonably and *to cause a responsive answer* to be filed." (Citation omitted; emphasis added.) *Menzies* v. *Fisher*, supra, 347–48; see also *Russell* v. *Mystic Seaport Museum, Inc.*, supra, 252 Conn. 612 ("[i]f the notice of claim is sufficient to allow the employer to make a timely investigation of the claim, it triggers the employer's obligation to file a disclaimer" (internal quotation marks omitted)).

Placing the initial burden on the employer is consistent with the larger statutory scheme, and the legislative mandate of General Statutes § 31-294d in particular, which obligates employers to take prompt action on behalf of an injured employee with respect to medical expenses.[15] Although it is undisputed that the plaintiff here reported his injury to the defendant and submitted a form titled "Confidential Accident Report" on the date of the injury,[16] there is no indication in the record before us that the defendant at that time offered to provide any medical care to the plaintiff in accordance with § 31-294d (a) (1). Had the defendant done so, the plaintiff likely would have been alerted to the defendant's responsibilities with respect to such medical expenses. More importantly, § 31-294d is further evidence of the legislature's intent to require an immediate response from employers in the face of a workplace injury.

Placing the initial burden with the employer also comports with another primary purpose of § 31-294c, which was "to keep the process of initiating a claim [for compensation] simple and accessible to [laypersons]." *Russell* v. *Mystic Seaport Museum, Inc.*, supra, 252 Conn. 610; see also *Menzies* v. *Fisher*, supra, 165 Conn. 345–46 ("employers and insurers have the necessary resources to fulfill [the] mandate [of § 31-294c (b)], whereas the claimant often receives no more assistance than that furnished by the commissioner in filing his claim"). Section 31-294c (a) sets forth in plain terms the requirements that a claimant must satisfy in order to provide proper notice to an employer of a claim for compensation.[17] Nowhere does the statute require the claimant to furnish medical bills or a separate request for payment to the employer within twenty-eight days after commencing a claim. If the legislature had intended to place that onus on claimants, it surely would have done so explicitly, particularly in light of its aim to keep the process simple for laypersons and to "facilitate a speedy, efficient and inexpensive disposition" on the claim. *Menzies* v. *Fisher*, supra, 346. As our Supreme

Court has observed in a case that, too, involved the notice requirements of § 31-294c, "[i]n the face of a legislative omission, it is not our role to engraft language onto the statute" that imposes additional requirements on a claimant. *McCullough* v. *Swan Engraving, Inc.*, 320 Conn. 299, 310, 130 A.3d 231 (2016).

In addition, our conclusion that the initial burden with respect to the "commence payment" predicate of § 31-294c (b) rests with the employer is consistent with the broad remedial purposes underlying the act. See *Gil* v. *Courthouse One*, 239 Conn. 676, 682, 687 A.2d 146 (1997) ("the [act] is remedial and must be interpreted liberally to achieve its humanitarian purposes"). Were this court to agree with the defendant and impose an additional obligation on claimants pursuant to § 31-294c that was not established by the legislature, we risk "denying the beneficent purposes of the act." *Laliberte* v. *United Security, Inc.*, 261 Conn. 181, 188, 801 A.2d 783 (2002). Moreover, application of the literal interpretation of the "commence payment" predicate of § 31-294c (b) advanced by the defendant would frustrate the policies that underlie its enactment.[18] See *Lucenti* v. *Laviero*, supra, 327 Conn. 774 ("[t]he act is to be broadly construed to effectuate the purpose of *providing compensation* for an injury arising out of and in the course of the employment regardless of fault" (emphasis added; internal quotation marks omitted)). We, therefore, refuse "to place a technical construction on a procedure designed to be simple" for claimants, as such a construction "runs counter to the spirit" of the act. *Menzies* v. *Fisher*, supra, 165 Conn. 344; cf. *Gil* v. *Courthouse One*, supra, 685 (concluding that literal reading of statute in question "would result in its improper application").

We are mindful that the legislature included a safe harbor provision in § 31-294c (b) that permits an employer to make payments on the claim instead of filing a notice that it is contesting liability. An employer that elects to make such payments pursuant to that provision is afforded a period of one year, during which it "may contest the employee's right to receive compensation on any grounds or the extent of his disability . . . ."[19] General Statutes § 31-294c (b). The requirement that an employer provide notice to the claimant within the twenty-eight day statutory period when it seeks to avail itself of that safe harbor provision is entirely consonant with the legislative history of and policies embodied in § 31-294c.

As with all issues of statutory construction, "[o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature." (Internal quotation marks omitted.) *Callaghan* v. *Car Parts International, LLC*, 329 Conn. 564, 570, 188 A.3d 691 (2018). Our review of the genealogy and legislative history of § 31-294c indicates that the legislature intended to

require employers to provide "a responsive answer" to claimants when a proper notice of claim for compensation is filed, which obligates them to file a response within the statutory period notifying the claimant of its intention to either (1) contest liability or (2) commence payments on the claim.

It is undisputed that the plaintiff in the present case fully complied with the notice of claim for compensation requirements contained in § 31-294c (a). It, therefore, was incumbent on the defendant to file a responsive answer within twenty-eight days indicating its intention to either contest liability or to commence payments on the claim for the purpose of preserving its rights under the safe harbor provision of § 31-294c (b). Because the defendant did neither and failed to file a responsive answer of any kind, "the conclusive presumption of compensability [contained in the preclusion provision of § 31-294c (b)] attaches and the employer is barred from contesting the employee's right to receive compensation on any ground or the extent of the employee's disability." *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 286 Conn. 130.

## II

Despite its failure to file a responsive answer of any kind during the twenty-eight day statutory period, the defendant maintains that the limited exception to the preclusion provision of § 31-294c (b) articulated by this court in *Dubrosky* v. *Boehringer Ingelheim Corp.*, supra, 145 Conn. App. 261, should be extended to encompass the present scenario. We do not agree.

*Dubrosky* is factually and procedurally distinguishable from the present case. Although the defendant employer in that case failed to file a responsive answer to the plaintiff employee's form 30C within the statutory period, it subsequently (1) paid all medical bills submitted to it by the plaintiff's physician and (2) affirmatively accepted, at the formal hearing before the commissioner, that an incident involving the plaintiff had occurred. Id., 265–66. At that hearing, the defendant clarified that it only "sought to maintain its ability to contest the extent of the plaintiff's disability" due to the impossibility of complying with the "commence payment" predicate of § 31-294c (b) during the twenty-eight day statutory period. *Dubrosky* v. *Boehringer Ingelheim Corp.*, supra, 145 Conn. App. 266. Following the hearing, the commissioner concluded that, as a result of the defendant's failure to file a response within the statutory period, the defendant was precluded from contesting both liability for, and the extent of, the plaintiff's disability, which decision the board affirmed. Id., 266–67.

On appeal, this court concluded otherwise and recognized a narrow exception to the preclusion provision, as previously construed by *Harpaz* and its progeny.

The court concluded "that, *under the facts of this case,* it was not reasonably practical for the board to require the defendant to have complied with § 31-294c (b) . . . ." (Emphasis added.) Id., 267. As we recently explained, "[t]his court held [in *Dubrosky*] that, under such circumstances, when a defendant employer does not challenge the claim of a work-related injury, but *challenges only the extent* of the plaintiff's disability, strict compliance with the twenty-eight day statutory time frame to begin payment of benefits will be excused when it is impossible for the [employer] to comply." (Emphasis added.) *Woodbury-Correa* v. *Reflexite Corp.*, 190 Conn. App. 623, 638, 212 A.3d 252 (2019), citing *Dubrosky* v. *Boehringer Ingelheim Corp.*, supra, 145 Conn. App. 273–75; see also *Quinones* v. *R. W. Thompson Co.*, 188 Conn. App. 93, 108, 203 A.3d 1256 (2019) (*Dubrosky* exception applied because defendant employer "did not contest the liability of the plaintiff's injury" and made compensation payments to him). The court in *Dubrosky* further emphasized the "limited applicability" of that exception to the preclusion provision of § 31-294c (b).[20] *Dubrosky* v. *Boehringer Ingelheim Corp.*, supra, 274.

Unlike the defendant employer in *Dubrosky*, the defendant here has not accepted liability for the plaintiff's injuries. Rather, as both the commissioner and the board emphasized, the defendant filed a belated form 43 in which it denied liability for the plaintiff's injuries. See footnote 6 of this opinion. Moreover, at no time has the defendant made payments for the plaintiff's medical care, as did the defendant employer in *Dubrosky*. Put simply, this case is not *Dubrosky*.

In this appeal, the defendant asks us to extend the limited exception articulated in *Dubrosky* to situations in which employers (1) dispute both liability *and* the extent of a claimant's injuries,[21] and (2) fail to make any payments for the claimant's medical care. We refuse to do so. As our Supreme Court has observed, "[i]t is not the court's role to acknowledge an exclusion when the legislature painstakingly has created such a complete statute. We consistently have acknowledged that the act is an intricate and comprehensive statutory scheme. . . . The complex nature of the workers' compensation system requires that policy determinations should be left to the legislature, not the judiciary." (Citations omitted; internal quotation marks omitted.) *McCullough* v. *Swan Engraving, Inc.*, supra, 320 Conn. 310; see also footnote 18 of this opinion. For that reason, this court expressly has declined "to carve out another exception" to the statutory scheme embodied in § 31-294c "because we believe that the legislature, rather than this court, is the proper forum through which to create" additional exceptions to that statute. *Izikson* v. *Protein Science Corp.*, 156 Conn. App. 700, 713, 115 A.3d 55 (2015); see also *Wiblyi* v. *McDonald's Corp.*, supra, 168 Conn. App. 107 ("we will not recognize, in

the absence of legislative action," new exception to § 31-294c (b)). We likewise decline to do so now. We, therefore, conclude that the board properly determined, in accordance with established precedent; see *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 286 Conn. 130; that the preclusion provision of § 31-294c (b) bars the defendant from contesting either liability for, or the extent of, the plaintiff's injuries.

The decision of the Compensation Review Board is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff died on May 17, 2018, and his brother, Walter Dominguez, thereafter was appointed administrator of his estate. On January 9, 2019, this court granted a motion to substitute the administrator as the plaintiff in this appeal.

[2] Both the defendant employer, New York Sports Club, and its insurer, Nationwide Mutual Insurance Company, were named as defendants in this matter. For convenience, we refer to New York Sports Club as the defendant.

[3] "A form 30C is the form prescribed by the [W]orkers' [C]ompensation [C]ommission . . . for use in filing a notice of claim under the [Workers' Compensation Act, General Statutes § 31-275 et seq.]." (Internal quotation marks omitted.) *Carter* v. *Clinton*, 304 Conn. 571, 576 n.4, 41 A.3d 296 (2012).

[4] Entitled "Notice to Compensation Commissioner and Employee of Intention to Contest Employee's Right to Compensation Benefits," a form 43 "is a disclaimer that notifies a claimant who seeks workers' compensation benefits that the employer intends to contest *liability* to pay compensation. If an employer fails timely to file a form 43, a claimant may file a motion to preclude the employer from contesting the compensability of his claim. . . . The form 43 generally must be filed within twenty-eight days of receiving written notice of the claim." (Citation omitted; emphasis added; internal quotation marks omitted.) *Wiblyi* v. *McDonald's Corp.*, 168 Conn. App. 77, 79 n.2, 144 A.3d 1075 (2016).

[5] In his December 21, 2016 deposition, which the parties agreed to submit to the commissioner as part of their joint stipulation of facts, the plaintiff indicated that his medical bills were paid by his group medical insurance. The defendant likewise averred, in both its March 22, 2017 memorandum of law in opposition to the motion to preclude and its April 5, 2017 surreply memorandum, that "all medical bills continued to be processed through [the plaintiff's] group medical insurer" following the alleged workplace injury.

[6] In her decision, the commissioner expressly found that the present case involves "a wholly denied injury . . . ." The board likewise noted in its decision that the defendant's form 43 indicated that the defendant was contesting "whether the [plaintiff] had sustained *any* injury in the course of employment, *not* the extent of that injury." (Emphasis in original.)

[7] In reaching their respective conclusions, neither the commissioner nor the board engaged in statutory construction. Rather, their decisions were predicated on existing precedent.

[8] In the underlying administrative proceedings, both the commissioner and the board determined that the defendant was precluded from contesting *liability* for the plaintiff's injuries due to its failure to file a form 43 within the twenty-eight day statutory period of § 31-294c (b). That conclusion is consistent with established precedent; see *Woodbury-Correa* v. *Reflexite Corp.*, 190 Conn. App. 623, 638, 212 A.3d 252 (2019); and is not at issue in this appeal.

[9] Although the phrase "written notice of claim" in § 31-294c (b) does not specifically refer to the phrase, "written notice of claim for compensation," as used in § 31-294c (a), "it is clear that both statutory [sub]sections refer to the same notice." (Internal quotation marks omitted.) *Russell* v. *Mystic Seaport Museum, Inc.*, supra, 252 Conn. 607 n.5; *Pelletier* v. *Caron Pipe Jacking, Inc.*, 13 Conn. App. 276, 280, 535 A.2d 1321, cert. denied, 207 Conn. 805, 540 A.2d 373 (1988).

[10] In so doing, the court recognized that "[s]uch a penalty is harsh, but it reflects a just and rational result. . . . An employer readily can avoid the conclusive presumption by either filing a timely notice of contest or commencing timely payment of compensation with the right to repayment if the employer prevails. Should the employer's timely and reasonable investigation reveal that an issue regarding the extent of disability has not yet

manifested, the employer still can preserve its right to contest that issue at some later point in time simply by paying the compensation due under the claim, even if all that is due is payment of medical bills." (Citation omitted.) *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 286 Conn. 130–31.

[11] In *Donahue*, the court also clarified that, when the conclusive presumption is implicated, it does not "relieve claimants of their obligation to prove their claim by competent evidence." *Donahue* v. *Veridiem, Inc.*, supra, 291 Conn. 545. Rather, it operates to bar employers from testing "the evidence proffered by the claimant at these proceedings by way of question or argument." Id., 551.

[12] As this court recently noted, "the workers' compensation section of the Connecticut Practice Series has indicated that there is confusion regarding § 31-294c (b) and that the chairman of the board repeatedly has called for legislative guidance on the issue of preclusion. See R. Carter et al., 19 Connecticut Practice Series: Workers' Compensation (Supp. 2018–2019) § 18:11, pp. 448–50." *Woodbury-Correa* v. *Reflexite Corp.*, supra, 190 Conn. App. 633 n.10.

[13] In this regard, we note that the act defines the term "compensation," as used therein, as "benefits or payments mandated by the provisions of this chapter, including, but not limited to, indemnity, medical and surgical aid or hospital and nursing service required under section 31-294d and any type of payment for disability, whether for total or partial disability of a permanent or temporary nature, death benefit, funeral expense, payments made under the provisions of section 31-284b, 31-293a or 31-310, or any adjustment in benefits or payments required by this chapter." General Statutes § 31-275 (4). Moreover, as our Supreme Court has observed, the term "compensation" has been long understood "to include all benefits provided under the [act]—indemnity (permanent impairment), disability (incapacity) and medical, surgical and hospital costs." *Harpaz* v. *Laidlaw Transit, Inc.*, supra, 286 Conn. 113 n.8.

[14] Representative Michael P. Lawlor summarized the effect of the 1993 amendment on § 31-294c (b) as follows: "Opening the [twenty-eight] day restriction on the time during which an employer can challenge application for [workers'] compensation system. We allow challenges up to one year." 36 H.R. Proc., Pt. 18, 1993 Sess., p. 6143.

[15] General Statutes § 31-294d (a) (1) provides: "The employer, as soon as the employer has knowledge of an injury, shall provide a competent physician, surgeon or advanced practice registered nurse to attend the injured employee and, in addition, shall furnish any medical and surgical aid or hospital and nursing service, including medical rehabilitation services and prescription drugs, as the physician, or advanced practice registered nurse surgeon deems reasonable or necessary. The employer, any insurer acting on behalf of the employer, or any other entity acting on behalf of the employer or insurer shall be responsible for paying the cost of such prescription drugs directly to the provider. If the employer utilizes an approved providers list, when an employee reports a work-related injury or condition to the employer the employer shall provide the employee with such approved providers list within two business days of such reporting."

We note that although § 31-294d has been amended by the legislature since the events underlying the present appeal; see Public Acts 2019, No. 19-98, § 3; that amendment has no bearing on the merits of this appeal. We therefore refer to the current revision of the statute.

[16] As part of their joint stipulation of facts, the parties agreed to submit that document to the commissioner as an exhibit to the plaintiff's deposition testimony. In his deposition testimony, the plaintiff indicated that he completed that accident report and provided it to the defendant on the date of injury.

In this regard, we note that the act provides that the failure of an employee to promptly notify the employer of a workplace injury may result in a reduction of any award of compensation. See General Statutes § 31-294b (a) ("[i]f the employee fails to report the injury immediately, the commissioner may reduce the award of compensation proportionately to any prejudice that he finds the employer has sustained by reason of the failure").

The defendant in this case has not alleged that the plaintiff failed to promptly report his alleged injury.

[17] General Statutes § 31-294c (a) provides in relevant part that "[n]otice of [the] claim for compensation may be given to the employer or any commissioner and shall state, in simple language, the date and place of the accident and the nature of the injury resulting from the accident, or the date of the first manifestation of a symptom of the occupational disease and the nature

of the disease, as the case may be, and the name and address of the employee and of the person in whose interest compensation is claimed. . . ." The statute also specifies the applicable time limitations for filing such notices.

[18] We recognize that, "[i]n areas where the legislature has spoken . . . the primary responsibility for formulating public policy must remain with the legislature." (Internal quotation marks omitted.) *Raspberry Junction Holding, LLC* v. *Southeastern Connecticut Water Authority*, 331 Conn. 364, 378, 203 A.3d 1224 (2019). Given the policy considerations at issue in this appeal, "it remains the prerogative of the legislature to modify or clarify [the relevant statutory provisions] as it sees fit." (Internal quotation marks omitted.) *Mayer* v. *Historic District Commission*, 325 Conn. 765, 780 n.10, 160 A.3d 333 (2017).

[19] Section 31-294c (b) further provides that an employer that exercises its rights under that safe harbor provision and makes payments to the claimant during that time may be entitled to "reimbursement from the claimant of any compensation paid by the employer" in the event that the employer ultimately "prevails" on the claim.

[20] In the seven years since *Dubrosky* was decided, this court has declined to extend the exception articulated therein; see *Woodbury-Correa* v. *Reflexite Corp.*, supra, 190 Conn. App. 638–39; and our Supreme Court has neither acknowledged that exception nor cited to *Dubrosky* in any manner.

[21] In the present case, the commissioner concluded that the defendant's failure to file a timely response to the claim for compensation precluded it from contesting liability, but not the extent of the plaintiff's injuries. On appeal, the defendant maintains that it should not be precluded from contesting the extent of the plaintiff's injuries. For that reason, this case is not controlled by our recent decision in *Woodbury-Correa* v. *Reflexite Corp.*, supra, 190 Conn. App. 639, which involved a motion to preclude an employer from contesting *liability* for a claimant's injuries.